GfastoN, Judge.
 

 After slating the pleadings as above, proceeded : A great number of witnesses have been examined on both sides, and their testimony laid before the court. Upon this testimony a preliminary question arose, and was argued by the counsel, whether any parol evidence could be received to contradict the consideration expressed in the deed. As the parties did not demand an immediate decision upon this question, and wished at all events a final decree in the cause, the Court heard the testimony, reserving to the defendant the benefit of this objection.
 

 The determination of this question does not depend on the doctrine of estoppels at law. It depends on the proper construction and application of a rule of evidence, founded on good sense and public policy, and recognised in
 
 all
 
 courts, as well those of equity as of law. Written instruments are to be regarded as the authentic and permanent memorials, which the parties have deliberately appointed to testify to all and forever,what they have done. Parol evidence is in, its nature less satisfactory. It may be tainted with falsehood, perverted by ignorance, prejudice, favor or mistake, and is liable to mislead, because of the weakness of human memory. It is not to be questioned, but that the general rule which declares parol evidence inadmissible to contradict or substantially to vary the terms of a written instru-meet obtains in a court of equity equally as in a court of law.
 
 (Brown
 
 v Selwyn,
 
 For.
 
 240,
 
 Irnham
 
 v
 
 Child,
 
 1
 
 Bra.
 
 92,
 
 Portmore v Morris,
 
 2
 
 Bro.
 
 219.) The consideration upon which a deed is made, is an important part of the contract, and where it is distinctly declared parol evidence is not more admissible to contradict or substantially to vary that than any other
 
 term
 
 upon which
 
 *378
 
 ^.ie parties have thus expressed their agreement,
 
 (Peacock v Monk,
 
 1
 
 Ves. Sr.
 
 128.) Nor can we discover any reason which should exempt this case from the operation of the rule. It is true that the plaintiffs do not claim under this deed, nor directly against it, but they claim under him who made it, and in that capacity attempt to shew that the deed which bound him,and which binds them as privies, is in fact different from what it purports to be, and does not bind as a sale, but binds only as a gift. By having it interpreted according to the meaning which they seek to impress upon it by parol evidence, their rights under the grantor will be extended beyond those which belong to them,if the deed be allowed exclusively to declare its own meaning.
 

 cident or surprise, paro^to^alse^a trust
 
 dehors
 
 the the'conscieiure'of ene claiming un-d,rit' But in equity, matter of fraud,ac
 

 But as the rule itself is based upon the supposition that the written instrument is
 
 the
 
 memorial which the Pal^‘es have made to be the permanent repository and testimony of truth, when any instrument set up as such, ciin shewn not entitled to be thus respected, ofneces-sity it must not be permitted to stand in the way of the ascertainment of truth, by such evidence as may be obtainable. Parol evidence is therefore admissible in cases of fraud, mistake and surprise. The rule is not subverted, but confirmed by these exceptions. The party does not undertake to vary the agreement expressed in tiie deed,and to shew that it ought to be understood in a different sense from that which the deed declares— But to set up a matter of equity
 
 dehors
 
 the deed, by reason whereof it becomes unconscientious to insist
 
 upon
 
 the agreement as therein mistated. The plaintiffs here alledge that the defendant caused this consideration of value to be untruly inserted in the deed, either without the knowledge of the grantor, or by availing himself of the misconception of the grantor,that it was a necessary form to give the instrument validity. The parol evidence is admissible to support this charge, for if it be made out, then the instrument must be considered as if it had truly been what the contracting parties intended it to be. But it is admissible for this purpose only.
 

 The deed is exhibited. It is dated on the Bd of Au-
 
 *379
 
 giist 1819, recites a consideration actually paid of 81564 50, and on the clay of its date is proved in court , and thereupon registered. I lie defendants answer,responsive to the charges of fraud and mistake,is full,positive and precise. Strong testimony is necessary in opposition to such a deed, and so supported, to establish the allegations of the plaintiffs. No direct proof whatever is offered to sustain them. The evidence consists principally of the recollections of witnesses of casual conversations,which they had held many years ago with one or the other of the parties, and from which they understood that the land in question was given or intended to be given to the defendant. None of these conversations are represented as having been upon the
 
 point
 
 itself — the actual contract — and nothing is more common than the misapprehension of such general remarks, and the perversion of them to a meaning which they were not intended to express. Observations about the
 
 giving
 
 of a
 
 deed,
 
 might be understood as implying a
 
 gift of the land.
 
 These witnesses also state circumstances rendering it doubtful, whether the defendant could have saved from the compensation al!owred him by his father for his services, (though none of them knew what was the stipulated compensation,) a sum equal to that stated as the price of the land. Even this testimony, such as it is, is met by the evidence of witnesses to declarations made by some of the plaintiffs, that their brother had bought this land,and to admissions by another of the plaintiffs, that he had paid a price, but one far short of that recited in the deed,and less than the value of the land. It is probable that this representation is true. In the arrangement between the parties the price might have been fixed at a sum exceeding the value of the land, and the services rated at a still more liberal estimate. But if value did indeed form a consideration for the conveyance, and the parties deliberately agreed to treat the transaction
 
 as a sale,
 
 an equality between the value of what was conveyed, and what was received as its price, is not essential to constitute it a sale. Were the plaintiffs fully at liberty to contradict the deed on these proofs.
 
 *380
 
 we should not bold ourselves justified in pronouncing that the land was given,and not sold. But they are not at liberty to contradict it. They must shew that by reason of some unfair practice, or through mistake, or by surprise, the deed was made to express an intention different from that which the bargainor believed that it did declare. This they have failed to do, and their bill must be dismissed with costs.
 

 Per Curiam. — But Dismissed.