J. H. SMITH v. J. W. L. ARTHUR et al.

*Purchase-money — Deed — Contract — Recital — Counter-claim — Issue — Judgment.*

1. In action for the recovery of purchase-money the plaintiff set up the amount of the balance unpaid and how it was due: *Held,* sufficient.

2. The plaintiff affirms a deed which was delivered without his consent by suing for the balance due of the consideration.

3. Recital of receipt of the consideration in a deed is not contractual in its character so as to preclude recovery of the purchase-money due.

This was a CIVIL ACTION, tried before *Merrimon, J.,* at the Fall Term, 1891, of SWAIN Superior Court.

The plaintiff complained for a balance of purchase-money unpaid for a tract of land recited in the deed as paid, and that the defendants obtained possession of the deed by fraud on their part and mistake on part of plaintiff. This, defendants deny, and set up that plaintiff was their agent in his original purchase of said land, had not paid the amount of purchase money recited in deed to him, conspired to cheat defendants by misrepresentation, as to value, and executed a deed to defendants reciting as consideration the amount sued

for defendants plead as set off and counter-claim damages on account of failure of title, the deed having been made with full covenants.

The defendants moved for judgment upon the pleadings, for the reason that the complaint did not state a cause of action, in that it did not allege that the contract sued upon was in writing, and because said complaint did not set out a copy of any written instrument evidencing the contract sued upon, or account for the loss thereof, which motion was denied by his Honor, and the defendants excepted. The following issues were settled by his Honor and submitted to the jury, to-wit: First, was the plaintiff J. H. Smith, the agent of the defendants, Arthur Coffin & Co., to purchase for them the Walker lands? Second, did defendants agree to purchase from plaintiff the lands described in the complaint? What sum is due the plaintiff from the defendants?

The jury found for the plaintiff. Defendants appealed.

*Mr. T. F. Davidson*, for plaintiff.
*Mr. J. B. Batchelor*, for defendants.

SHEPHERD, J.: The motion for judgment upon the pleadings was properly overruled. This is not an action for the specific performance of a contract for the sale of land, but for the recovery of an alleged balance of purchase-money for land which has been sold and conveyed to the defendants by the plaintiff. It is true that the plaintiff alleges that the deed was only signed by him, and that its possession by the defendants was procured by fraudulent means; but as the defendants admit its execution, and claim under it, and the plaintiff affirms it by suing for the purchase-money, it must be treated for the purposes of this action as having been duly executed. This being so, it was unnecessary for the plaintiff to have shown a written contract of sale, and he was entitled to recover any balance due him as

purchase-money for the said land. Executed contracts of this character are not within the statute of frauds. *Choat* v. *Wright*, 2 Dev., 289; *Rice* v. *Carter*, 11 Ired., 298. The terms however of the contract seem to have been stated in a lost letter, and secondary evidence of its contents was admitted by the Court. This testimony was consistent with the recital in the deed as to the amount of the consideration, and it, as well as the deed, was admissible for the purpose of showing the said consideration. The objection that the recital of the receipt of the consideration money is conclusive, and that the plaintiff is estopped to show that any balance is due, is met by the case of *Barbee* v. *Barbce*, 108 N. C., 582. In that case, the effect of such a recital is fully discussed, and it was held that it " is not contractual in its character, and is only *prima facie* evidence of the payment of the purchase-money, which may be rebutted by parol testimony." As to the refusal of the Court to submit an issue upon the counter-claim, we will remark that such a practice is not to be commended. Under the circumstances of this case however, we do not see how the defendants were prejudiced, as his Honor afterwards gave them a judgment as upon default and inquiry, and stayed execution until the inquiry could be instituted.

Affirmed.