The only parties to this action are J. E. Cavenaugh, the plaintiff, and H. A. Jarman, the defendant.
The complaint alleges, in substance, that in 1905 the plaintiff and his wife executed a mortgage to one Mills, conveying certain lands, to secure a debt; that upon default in the payment of the debt, an action was instituted against the plaintiff and his wife in the Superior Court of Onslow County, in which a decree was rendered at July Term, 1908, adjudging the amount due, and condemning the land to be sold to pay *Page 299 
the same; that the land was sold under the decree and the proceeds applied to the judgment, leaving a balance of $382.52 due thereon; that after said judgment was docketed the plaintiff conveyed another tract of land of 25 acres, which belonged to him, to his son-in-law, and on the same day the son-in-law conveyed the land to the wife of the plaintiff; that execution issued on the judgment of 1908 to collect the balance due thereon and was levied on the said 25 acres; that a homestead was allotted under said execution and exceptions thereto were filed, which were passed on at April Term, 1912, and a judgment was then rendered substantially holding that the plaintiff was not entitled to a homestead (374) and directing the land to be sold; that said land was sold under execution on 1 July, 1912, and the defendant became the purchaser at the price of $530, and took a deed therefor; that protest was made against the sale, upon the ground that it had not been properly advertised and was not being offered for sale at the hour allowed by law.
There was also allegation that the plaintiff was an ignorant man, and that the deed to his son-in-law and from him to the wife were executed in good faith and under advice that this was the best way to secure a homestead, and that the price paid by the defendant was inadequate.
The defendant demurred to the complaint, upon the ground that it failed to stated a cause of action against any one, and also that it showed no title or interest in the plaintiff.
The demurrer was sustained, and the plaintiff excepted.
The plaintiff then moved the court to allow him to amend the complaint by alleging in substance specifically that the plaintiff made the conveyance of the tract of land mentioned in the complaint, under which his wife obtained the deed therein mentioned, being ignorant of the true manner of securing to himself, his wife and children their homestead rights, and that the true purpose and intent of the transaction was that the said property should be held in trust for the purpose of securing to the said plaintiff, his wife and children the homestead allowed by the Constitution of North Carolina; that there was no intent to defraud any creditors in so doing, but that the plaintiff, through ignorance and advice of others, honestly believed that this was the proper way to obtain his homestead rights for the benefit of his wife and children, and such was the expressed trust attached to the said deeds therein mentioned. The court declined to permit the plaintiff to amend the complaint as above, holding also as a matter of law that such amendment was immaterial and could not affect the result of the action.
To the court's declining to allow such amendments and to its ruling the plaintiff excepted. *Page 300 
The judgment also contains an adjudication of title, an order for a writ of possession against the plaintiff, and for an assessment of damages against the plaintiff and the surety on his bond. (375) The plaintiff excepted and appealed.
The ruling of his Honor on the motion to amend seems to have been in the exercise of his discretion, and would not be reviewable, but we concur in the opinion that if the amendment had been allowed, the complaint as amended would not have stated a cause of action.
The facts are not clearly stated, but as they appear, the judgment of 1912 would be an estoppel, and if there was no estoppel, the plaintiff could not establish a parol trust in his own favor against the grantee in his deed, under Gaylord v. Gaylord, 150 N.C. 222, and his wife and children, alleged to be the other beneficiaries of the trust, are not parties.
The exceptions to the form of the judgment are well taken. No answer has been filed by the defendant, and no facts are admitted, and the judgment upon the demurrer should do no more than adjudicate that the complaint does not state a cause of action and that the plaintiff has no right to sue.
It also appears that the bond of the plaintiff does not purport to cover anything except costs.
The judgment will, therefore, be modified to the effect that the demurrer be sustained, the action be dismissed, and that the defendant recover of the plaintiff and his surety his costs.
Modified and affirmed.
Cited: Trust Co. v. Sterchie, 169 N.C. 22; Buchanan v. Hedden, ib., 224; Campbell v. Sigmon, 170 N.C. 351.
(376)