G. P. CAMPBELL v. CAMILLA SIGMON.

(Filed 8 December, 1915.)

**1. Contracts, Written—Deeds and Conveyances—Parol Evidence—Statute of Frauds.**

A grantor, 84 years of age at the time, executed a conveyance of his land to his daughter, then living with him with her son, the deed being in fee and in the usual form, with a recited consideration and covenants and warranty of title. In this action to set aside the deed there was no allegation or proof of undue influence or fraud, but that grantor was tired of the presence of the son and made the conveyance as a device to get rid of him: *Held*, evidence of declarations made by the grantor two weeks before the execution of the deed, and made by him without reference to it, that he wanted to get rid of his grandson, was properly excluded, as a contradiction of the written instrument.

**2. Appeal and Error—Exceptions—Briefs.**

Exceptions not mentioned in the appellant's brief are taken as abandoned. Rule 34.

**3. Contracts, Written—Parol Evidence—Declarations—Statute of Frauds.**

Evidence of declarations of a grantor in a deed to lands, made after its execution, to show that he only intended the deed as a device to rid him of the presence of his grandson, and that he would get the deed back, is incompetent as an attempt to contradict the written instrument by parol.

**4. Evidence—Silence—Quasi Admissions.**

The silence of the grantee in a deed upon information given him concerning the purposes of the deed as stated by the grantor after he had executed it is not a *quasi* admission of the facts stated, the one stating them being a witness for the party seeking in his suit to declare the deed inoperative.

**5. Deeds and Conveyances—Grantor in Passion—Evidence—Permissive User.**

Where a grantor of lands remains in possession after executing the deed, paying taxes thereon and listing the lands in his own name, and paying no rent, it is *held* that, in the absence of evidence of a parol trust, or of fraud or undue influence, such possession was not inconsistent with a permissive occupancy of the property by the grantee, and, under the circumstances of this case, it afforded no evidence that the deed was invalid.

**6. Trusts and Trustees—Grantor—Parol Trusts—Evidence—Statute of Frauds.**

A grantor of a fee-simple title in lands cannot engraft upon that title a parol trust in the lands in his own favor, for such is a contradiction of the writing by parol inhibited by the statute of frauds.

**7. Evidence—Deeds and Conveyances—Consideration—Parol Evidence.**

The recited consideration and its receipt in a deed to lands is not regarded as a part of the conveyance, and may be contradicted by parol evidence.

APPEAL by defendant from *Justice, J.,* at May Term, 1915, of CA-TAWBA.

*Council & Yount and C. L. Whitener for plaintiff.*
*Self & Bagby for defendant.*

CLARK, C. J. This was an action to recover a tract of 38 acres of land near Hickory which the plaintiff claimed under a deed in the usual form and with the usual covenants, executed by Paul Sigmon 4 September, 1904, duly acknowledged before a justice of the peace, and recorded in the register's office of Catawba, 13 September, 1904.

There seems to be no conflict in the evidence, which is substantially that the grantor, an old soldier of the war of 1861-65, was about 84 years old when he executed the deed, and that the defendant (who was one of several children) was living in the house with him, with her son; that she continued to live with him till his death, but that her son, at whom the old man had taken some offense, soon after the deed was executed moved into another house not far off. It was also in evidence that Paul Sigmon lived nearly ten years after the deed was made; that its execution was known to the family connection, which consisted of several children and grandchildren, that during the balance of his life he paid the taxes on the land and paid no rent for the premises, but that he never demanded of the plaintiff a reconveyance or reformation of the deed. There is no allegation or proof of undue influence or of fraud. The defense set up is that the grantor, being tired of the presence of his grandson in the house (the son of the defendant), hit upon the plan of executing this deed to secure his departure.

The only issue submitted was: "Is plaintiff the owner and entitled to the possession of the land described in the complaint?" to which, upon the above evidence, the court rightly instructed the jury to respond "Yes."

The exceptions are to this instruction and the following exceptions to evidence:

Exception 1. The defendant offered to prove by Killian, the justice of the peace who took the acknowledgment of the deed, that a week or two weeks prior thereto the grantor said to him, "I am trying to get Pink away, and he won't go, and I am going to try to fix some plan to get him away." This was properly ruled out. The declaration was made a week or two before the execution of the deed and made no mention of the deed as the plan, and, if it had, this could not contradict the subsequent solemn act of executing the deed. This witness testified that he had been a justice of the peace for 34 years and was witness to the deed. "I written the deed and taken the acknowledgment in my office in Hickory; it was executed in my office; Paul Sigmon and Pink Campbell (the grantor and grantee) were present at the time. Mr. Sigmon and Mr. Campbell come to me to make a deed from Sigmon to Campbell, and I written the deed and taken the acknowledgment; I didn't seen any

money. I have no recollection of anything being said by Paul Sigmon about the execution of this deed, or of the transfer of this land to Mr. Campbell, at that time, or any time before that." It was at this time that the above question was asked and properly ruled out.

Exception 2 does not appear in the appellant's brief, and is therefore taken as abandoned. Rule 34, 164 N. C., 551.

Exception 3 is to the exclusion of the testimony of the witness Deitz, by whom the defendant offered to prove a conversation with the grantor six years after the deed was made and three years before this suit began in which the grantor had said that though he had made a deed to the plaintiff, he was to hand it back. This was incompetent for parol testimony as to a declaration of the grantor could not invalidate his prior conveyance.

Exceptions 4, 5 and 6 are to the exclusion by the court of the evidence of Deal, Whitener, and Webb, of declarations to the grantor that he had made the deed to Campbell, but that it was to be returned to him.

Exceptions 7 and 8 were to the exclusion of the offered evidence of the witness Webb, that he told Campbell what Sigmon had said about the deed and that Campbell did not reply. This was not such an occasion that the party addressed was called upon to answer, and, therefore, his silence was not a *quasi* admission. It appears that the witness Webb told Campbell that he was under subpœna at the time, as a witness for the defendant, and it may have been prudent and wise not to get into controversy with him. It is not like the case where one is charged with a crime and remains silent. In such case, except under unusual circumstances, a failure to deny the charge is a *quasi* admission.

Upon the whole evidence there was nothing which the court could submit to the jury to show that there was a parol trust to the grantor. There was no declaration of such trust at the execution of the deed, which recited a consideration. The witnesses for the defendant testified that Campbell had said that he paid $1,000 for the land, and they testified that during those remaining years of his life they did not know of the old man having any money. The bare fact that he remained in possession of the land, paying taxes and listing the land for taxes in his own name and paying no rent, in the absence of evidence of fraud or undue influence would not justify setting the deed aside. Such acts are not inconsistent with a permissive occupancy of the property from the grantee. The circumstances are unusual, but so is the fact that the deed was at once recorded to the knowledge of the entire family connection, and that no steps were taken to set the deed aside. It was also in evidence that the grantor was sound in mind and body and remained such, doing daily labor up to his death, ten years later.

The charge of the court is fully justified by the elaborate discussion as to the invalidity of a parol trust in favor of the grantor by *Hoke, J.,* in

*Gaylord v. Gaylord,* 150 N. C., 222. After a thorough discussion of the authorities, *Judge Hoke* thus sums up the law in this State: "The seventh section of the English statute of frauds, which forbids the creation of parol trusts or confidences of land, etc., unless manifested and proved by some writing, not having been enacted here, and there being no statute with us of equivalent import, such trusts have a recognized place in our jurisprudence, but they cannot be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title to lands and giving clear indication on the face of the instrument that such a title was intended to pass," adding thereto the following: "Upon the creation of these estates, however, our authorities seem to have declared or established the limitation that except in cases of fraud, mistake, or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass."

The above is cited verbatim as authority in *Jones v. Jones,* 164 N. C., 322. It is also said, in *Cavenaugh v. Jarman,* 164 N. C., 375, "If there was no estoppel the plaintiff could not establish a parol trust in his own favor against the grantee in his deed," citing *Gaylord v. Gaylord, supra.*

Among the many cases cited in *Gaylord v. Gaylord* are *Squire v. Harder,* 1 Paige, 494, which held, "Supposing the deed in question to have been in the common form, the recital of a consideration and the declaration of the use to the grantee and her heirs in the *habendum* are both conclusive between the parties and exclude any resulting trust to the grantor," and citing, also, *Wilkinson v. Wilkinson,* 17 N. C., 378, in which *Gaston, J.,* held that the recital of a valuable consideration is conclusive on the parties and those claiming under them unless it is shown to have been introduced by mistake or fraud.

Indeed, if, notwithstanding the solemn recitals and covenants in a deed, the grantor could show a parol trust in himself it would virtually do away with the statute of frauds and would be a most prolific source of fraud and litigation. No grantee could rely upon the covenants in his deed. It is true that the recital of the amount of the consideration or of its receipt can be contradicted in an action to recover the purchase money, but that is because this is no part of the conveyance. *Barbee v. Barbee,* 108 N. C., 581, and citations thereto in the Anno. Ed. This case is cited in *Gaylord v. Gaylord,* 150 N. C., 226, and in *Jones v. Jones,* 164 N. C., 324.

We have discussed the exceptions to the exclusion of the evidence, but if the evidence had been admitted the instruction to the jury should have been as given.

No error.