J. B. PRICE v. W. H. HARRINGTON ET AL.

(Filed 8 March, 1916.)

**1. Deeds and Conveyances—Consideration—Parol Evidence.**

While the recited consideration in a deed to lands may not be contradicted so as to impair the validity of the conveyance, it may be varied by parol evidence as a receipt of the amount stated; and when such deed recites the consideration to be a certain sum, it may be shown by parol that the conveyance was made upon the further consideration that the grantee should satisfy an outstanding judgment against the mortgagor, so as to prevent him from taking an assignment thereof for his own benefit and thereunder selling the mortgagor's lands.

**2. Same—Statute of Frauds.**

A parol agreement in further consideration of that stated in a deed, that the mortgagee should pay off a judgment against the mortgagor, does not fall within the meaning of the statute of frauds.

APPEAL by defendants from *Bond, J.,* at October Term, 1915, of CRAVEN.

*D. E. Henderson for plaintiff.*
*D. L. Ward for defendants.*

CLARK, C. J. This is an action for cancellation of a judgment and to restrain defendants in the meantime from selling thereunder. The plaintiff gave the defendant Harrington a deed for certain timber, reciting therein as the consideration the sum of $1,000; but the complaint alleges that there was, orally, the further consideration that Harrington would pay off a judgment which one Brothers had obtained against the plaintiff and which was then pending in the Superior Court, provided that the said judgment or any part thereof was affirmed on appeal. Said judgment was affirmed on appeal, but Harrington, instead of canceling the judgment, caused it to be transferred to himself, and then undertook to sell the plaintiff's land under it. The jury found as a fact that the defendant Harrington verbally agreed, as a part of the consideration, to pay off said judgment of Brothers in addition to the $1,000.

The only question presented is whether the plaintiff can show by parol testimony as a part of the consideration that the defendant Harrington agreed to pay off the said judgment in addition to the $1,000 recited in the deed as the consideration.

In *Deaver v. Deaver,* 137 N. C., 243, it is said: "Where the payment of the consideration is necessary to sustain the validity of the deed or the contract in question, the acknowledgment of payment is contractual in its nature and cannot be contradicted by parol proof; but where it is to be treated as a receipt for money, it is only *prima facie* evidence of the payment, and the fact that there is no payment, or that the consideration was other than that expressed in the deed, may be shown by oral evidence." That case cites 3 Washburn Real Property (5 Ed.), 614, as follows: "Although it is always competent to contradict the recital in the deed as to the amount paid, in an action involving the recovery of the purchase money or as to the measure of damages, in an action upon the covenants in the deed, it is not competent to contradict the acknowledgment of a consideration paid in order to affect the validity of the deed in creating or passing a title to the estate thereby granted." This is quoted and approved, *Kendrick v. Ins. Co.,* 124 N. C., 315; 70 Am. St., 592.

The same proposition is discussed and settled in *Barbee v. Barbee,* 108 N. C., 581, and the cases therein cited. These cases have been repeatedly cited since, among the latest being *Jones v. Jones,* 164 N. C., 324.

This contract is not barred by the statute of frauds, which invalidates an oral agreement of suretyship in favor of the creditor. This is an original contract by the defendant to the plaintiff, the debtor, to pay off the debt for a consideration.

No error.