F. H. WALTERS v. J. M. WALTERS.

.(Filed 25 October, 1916.)

**1. Trusts and Trustees—Parol Trusts—Deeds and Conveyances.**

A grantor in a conveyance of lands reciting the consideration that the grantee should pay off a certain mortgage thereon is estopped by his deed from setting up a resulting trust in his favor and want of consideration, and showing that the grantee agreed by parol to pay off the mortgage from the rents and profits of the land.

**2. Deeds and Conveyances—Consideration—Parol Evidence.**

While parol testimony is competent to contradict the consideration recited in a conveyance of land, it may not change, alter, or contradict the conveyance itself, in the absence of fraud, mistake, or undue influence.

**3. Trusts and Trustees—Parol Trusts—Deeds and Conveyances—Statute of Frauds.**

A parol trust in favor of the grantor, that the grantee pay off a mortgage thereon from the rents and profits, being unenforcible, it is incompetent to further show by parol that the grantee had then obligated himself to sell the lands and pay his grantor a part of the proceeds of sale, as such falls within the meaning of the statute of frauds.

APPEAL by plaintiff from *Daniels, J.,* at May Term, 1916, of ROBESON.

*T. A. McNeill and T. A. McNeill, Jr., for plaintiff.*
*McIntyre, Lawrence & Proctor for defendant.*

CLARK, C. J. The plaintiff on 6 March, 1911, executed a deed in fee simple to the defendant, his son, with full warranties, for the land in dispute for the recited consideration of $2,000, it being recited in the deed that the grantee assumed responsibility for a mortgage on said land due to one Barnes, and agreed to settle on the land. The defendant entered into immediate possession of the premises and has been in continuous possession thereof ever since, claiming the whole in fee simple under said deed.

This action is by the plaintiff, claiming that there was an oral trust at the time of the deed that the grantee would collect the rents as they fell due and apply them to the mortgage and other indebtedness due said Barnes, and after such payment the plaintiff would sell the land and give the defendant part proceeds of the sale. This is denied in the answer, which avers that the defendant has satisfied the mortgage to Barnes as set out in the deed, and avers that the only collateral agreement was that the plaintiff, being under indictment, sold and conveyed the land in fee simple to the defendant upon payment of $25 cash and his assumption of plaintiff's indebtedness to Barnes, which aggregated over $800, and responsibility on the bond for the plaintiff's appearance to answer the criminal charge and to assume the care and support of plaintiff's youngest daughter, then 9 or 10 years of age, and that this was the full consideration to be paid, and that it is a full and fair value of the said land, and that the defendant has strictly complied with said agreement in that he has paid the said mortgage to Barnes and a large part of the other indebtedness to Barnes, which he assumed and is now engaged in paying off; that he discharged the liability for the default of the plaintiff upon the bond for his appearance on the criminal charge, the plaintiff having fled to another State; that he paid the $25 cash and has cared for and supported said infant at his own expense, the fair value of which is $125 per year, and will continue to do so; that he took possession of the lands in good faith under said fee-simple deed, and has placed valuable improvements on the land in the sum of $600, and has otherwise improved and made the land more valuable. In short, so far as the consideration of $2,000 is concerned, the defendant pleads payment in part and his willingness to discharge the rest, but denies the allegation of a parol trust as to the land.

The plaintiff is estopped by his deed from setting up a resulting trust on account of alleged failure of consideration. This question has been discussed, with full citation of authorities, by *Hoke, J.,* in *Gaylord v. Gaylord,* 150 N. C., 226, where it is said: "The authorities are to the effect that in a deed of this character, giving on its face clear indication that an absolute estate was intended to pass, either by the recital of a valuable consideration paid or by an express covenant to warrant and defend the title, no trust would be implied or result in favor of the grantor by reason of the circumstance that no consideration was in fact paid." *Gaylord v. Gaylord, supra,* has since been cited verbatim and approved in *Jones v. Jones,* 164 N. C., 322, and also in *Cavenaugh v. Jarman, ib.,* 375, where it is said: "If there was no estoppel, the plaintiff could not establish a parol trust in his own favor against the grantee in his deed."

WALTERS v. WALTERS.

In *Campbell v. Sigmon,* 170 N. C., 351, the above authorities are cited and approved, the Court adding: "If, notwithstanding the solemn recitals and covenants in a deed, the grantor could show a parol trust in himself, it would virtually do away with the statute of frauds, and would be a most prolific source of fraud and litigation. No grantee could rely upon the covenants in his deed." The Court further added: "It is true that the recital of the amount of the consideration, or of its receipt, can be contradicted in an action to recover the purchase money, but that is because this is no part of the conveyance. *Barbee v. Barbee,* 108 N. C., 581, and citations thereto in the Anno. Ed."

In this same case, *Walters v. Walters,* 171 N. C., 313, the Court in setting aside the judgment by default intimated that "no cause of action was alleged in the complaint under *Gaylord v. Gaylord,* holding that a parol trust cannot be engrafted in favor of the grantor upon a deed conveying the absolute title to the grantee."

The consideration recited being not part of the conveyance, its amount and whether paid or not can be contradicted, but the conveyance cannot be changed, altered, or contradicted by a parol agreement, nor, in the absence of proof of fraud, mistake, or undue influence, can a deed solemnly executed and proven be set aside by parol testimony.

The grantor cannot set up a parol trust in his own favor against the grantee. Nor, treating this action as one to recover a part of the purchase money should the land be thereafter sold, can the plaintiff recover. In this aspect the case would be very similar to *Sprague v. Bond,* 108 N. C., 382, where *Shepherd, J.,* says: "The plaintiff could not have compelled the defendant to execute her agreement to sell her land, as there was no enforcible trust, and the agreement was within the statute of frauds."

In *Brown v. Hobbs,* 147 N. C., 75, it is said: "In this case the defendant did not agree to convey any part of the land to the plaintiff, but to sell and convey it to some other person, and pay plaintiff his share of the net proceeds in money. The first part of this promise, namely, the promise of defendant to sell the land, was within the statute, and if he had refused to sell the plaintiff could not have maintained an action to enforce the promise." To same effect, *Bourne v. Sherrill,* 143 N. C., 381.

The ruling in *Gaylord v. Gaylord,* 150 N. C., 222, that a parol trust cannot be set up by a grantor as to a conveyance in fee to his grantee, is not only upheld by the reasoning and authorities therein cited, but that case has since been upheld and reaffirmed in *Ricks v. Wilson,* 154 N. C., 286; *Jones v. Jones,* 164 N. C., 322; *Cavenaugh v. Jarman, ib.,*

375; *Trust Co. v. Sterchie*, 169 N. C., 22; *Campbell v. Sigmon*, 170 N. C., 351; and in this very case, when here before, 171 N. C., 313.

The demurrer *ore tenus* to the complaint "because it did not state a cause of action" was properly sustained.

Affirmed.