HARMON PATE v. R. T. GAITLEY ET AL.

(Filed 5 April, 1922.)

**1. Deeds and Conveyances—Consideration—Parol Evidence—Statute of Frauds.**

Parol evidence to show the actual consideration in a deed to lands, executed and delivered, different from that therein expressed is neither at variance with the rule against changing or adding to the terms of a written instrument, nor within the prohibition of the statute of frauds, but is of an independent contract outside of the covenants appearing in the deed, and the vendor may prove by parol the amount thereof, the terms of payment and its nonpayment.

**2. Same—Rental—Actions—Damages.**

During the continuance of the lease of a large tract of land for the agreed annual payment of fifteen bales of cotton as rent, the lessee obtained an option of purchase at the price of $15,000, which he exercised in September of that year, receiving from the lessor and the owner a warranty deed of the *locus in quo* with full covenants: *Held*, parol evidence was competent to show that the agreed rental was reserved from the purchase price of the land, expressed in the deed, in the vendor's action to recover the rent cotton or its value.

APPEAL by defendants from *Kerr, J.,* at December Term, 1921, of ROBESON.

Civil action to recover fifteen bales of cotton, or the value thereof, as rent for a 200-acre farm for the year 1919, which subsequently, by agreement, entered into and became a part of the purchase price of the land—the defendant R. T. Gaitley having bought the farm during his tenancy.

From a verdict and judgment in favor of plaintiff, the defendants appealed.

*Johnson & Johnson and McLean, Varser, McLean & Stacy for plaintiff.*

*McIntyre, Lawrence & Proctor for defendants.*

STACY, J. The defendants leased from the plaintiff a valuable farm, located in Robeson County, and containing about 200 acres, for the years 1918 and 1919; and, as rent for said farm, it was stipulated and agreed in a written contract between the parties that the defendants should deliver to the plaintiff, "at Parkton, N. C., on or before 15 October of each year, during the life of said lease, fifteen bales of middling lint cotton, averaging 500 pounds to the bale." Later, and during the continuance of said lease, the defendant R. T. Gaitley took a written option from the plaintiff, whereby he acquired the right to purchase the farm in question at and for the price of $15,000. This

option was exercised on or about 10 September, 1919, at which time the plaintiff executed and delivered to the said defendant a warranty deed, with full covenants, conveying to him the *locus in quo,* same being the originally demised premises.

At the time of the execution of the option, and again upon the signing and delivery of the deed, conveying the property in question to the defendant, it was specifically agreed and understood between the parties that the rent, as previously stipulated, for the year 1919 should· be reserved and paid to the plaintiff by the defendants in accordance with the terms of the rental contract. The jury have found that this understanding and agreement existed not only before the execution of the said option and deed, but that the same, as alleged in the complaint, was "specifically reiterated, repeated, and agreed to at the time of the execution of the said option and execution and delivery of said deed, all of which was fully assented to and agreed to by the defendant R. T. Gaitley, and he did then and there repeat his promise to pay said rent for the year 1919, in accordance with the said written lease."

But the said defendant R. T. Gaitley now contends that as he held a deed for the land and was the owner thereof at the time the 1919 rent fell due, he is no longer liable to the plaintiff therefor, but that said rent passed to him under his deed, as owner of the property. For this position he relies upon the following decisions: *Mixon v. Coffield,* 24 N. C., 301; *Lewis v. Wilkins,* 62 N. C., 307; *Kornegay v. Oliver,* 65 N. C., 69; *Rogers v. McKenzie,* 65 N. C., 218; *Lancashire v. Mason,* 75 N. C., 459; *Holly v. Holly,* 94 N. C., 674.

We do not think this position can avail the defendant in the face of the jury's finding that he had agreed otherwise, and that such constituted a part of the consideration given for his option and deed. It is well settled that a vendor, in a suit for the purchase price of land, may prove by parol the amount thereof, the terms of payment and its non-payment, notwithstanding the deed may contain a recital or acknowledgment contrary to the real transaction between the parties. *Faust v. Faust,* 144 N. C., 383; *Grabow v. McCracken,* 23 Okla., 613; 23 L. R. A. (N. S.), 1218, and note. Such recital is only *prima facie* evidence of the payment of the purchase price, and·may be rebutted by parol testimony. *Barbee v. Barbee,* 108 N. C., 581.

In *Michael v. Foil,* 100 N. C., 179, the deed recited a consideration of $500, but the court admitted parol evidence to show that at the time of the conveyance the grantee agreed with the grantor that·he should have one-half of the proceeds of the sale of the mineral interest in the land, if such sale were made during his lifetime, and that such entered into and· became a part of the consideration and inducement for the transaction. To like effect is *Manning v. Jones,* 44 N. C., 368.

The admission of this character of evidence is not at variance with the rule against changing or adding to the terms of a written instrument by parol, nor is it prohibited by the statute of frauds. *Harper v. Harper,* 92 N. C., 300. The deed is not in controversy. It was executed by the plaintiff in performance of his part of the contract for the sale of the land, and it is but meet that the defendant should likewise comply with his agreement in regard to the amount that should be paid. The statute of frauds was not intended to shelter or to shield frauds, but to prevent them. 39 Cyc., 171; *McNinch v. Trust Co., ante,* 33, and cases there cited.

In the instant case, the sale of the land is an accomplished fact; the deed has been executed and delivered; title has passed, but this *ipso facto* did not have the effect of relieving the defendant from his obligation to pay what he had agreed to pay. The contract in regard to the rent added no new covenant to the deed, nor did it contradict or explain any one that was incorporated in it. On the other hand, the plaintiff specifically affirms the deed and is now seeking to recover the full purchase price of the land. The suit is based upon an independent contract outside of, but in nowise in conflict with, the covenants appearing in the deed. "The recital of the amount of the consideration, or of its receipt, can be contradicted in an action to recover the purchase money, but that is because this is no part of the conveyance." *Campbell v. Sigmon,* 170 N. C., 351.

As the rent cotton was evidently intended to be paid out of the crops grown upon the farm in question, it would seem that the reservation might be justified, also, under the doctrine announced in *Flynt v. Conrad,* 61 N. C., 191, and other cases to like import; but, as the fact does not affirmatively appear—the written lease not being set out in the record—we deem it unnecessary to discuss this suggested phase of the case.

We have found no error in the trial, and the judgment of the Superior Court will be upheld.

No error.