J. F. WHEDBEE v. J. B. RUFFIN, F. F. TRIPP AND S. W. McKEEL.

(Filed 11 March, 1925.)

1. **Contracts, Written — Consideration — Statute of Frauds — Parol Evidence—Mortgages—Deeds in Trust.**

   Where the consideration of the extension of time for the mortgagor to redeem his lands is expressed as one dollar, it may be shown by parol that it was upon a different consideration, the written contract in this respect not being either within the intent and meaning of the statute of frauds or the varying of the words of a written agreement by parol.

2. **Mortgages—Deeds in Trust—Contracts—Extension of Time to Redeem—Breach—Measure of Damages.**

   Where the holder of the legal title has breached his valid contract to extend to the mortgagor the time for redemption, and the mortgagor remains in possession upon paying a consideration to the date thus extended, the measure of the mortgagor's damages is the consideration he has paid to remain upon the lands plus the price he could have sold the lands for at the later date, had he not redeemed it by then, and while the market value of the land was a circumstance that could be considered by the jury upon the issue of damages, it was not controlling.

APPEAL by defendants from *Bond, J.,* at August Term, 1924, of BERTIE.

On 24 April, 1920, J. F. Whedbee was the owner in fee and in possession of two certain tracts of land, situate in Bertie County. On 28 May, 1919, said Whedbee and wife executed a mortgage, conveying said lands to T. C. Brown to secure four notes, aggregating $2,000, payable to T. C. Brown, each for $500, due one, two, three and four years after date, successively. On 12 March, 1920, said Whedbee and wife by deed of trust conveyed said lands to T. Gillam, Jr., trustee, to secure notes, aggregating $6,550, payable to T. C. Brown, each for $1,310, due one,

17—189

two, three, four and five years after date successively. Both the mortgage and deed of trust were duly recorded. The notes thus secured were owned by T. C. Brown, on 24 April, 1920, and continuously thereafter until same were paid out of the proceeds of the sale of said lands by Gillam, trustee.

On 24 April, 1920, J. F. Whedbee and wife contracted and agreed, in writing, to convey the said lands to M. L. Whedbee, his heirs or assigns at any time before 1 January, 1921, upon the payment to said Whedbee of the sum of $13,000; this contract was duly recorded; thereafter the said M. L. Whedbee transferred and assigned all his rights under said contract to defendants. On 8 December, 1920, for the recited consideration of one dollar, J. F. Whedbee and wife extended said contract to 1 January, 1922. This extension was made at the request and for the benefit of defendants.

Plaintiff alleges that the consideration for the extension of the contract or option by him was the promise or agreement by defendants that they would pay off the notes secured by the mortgage and deed of trust, then held by T. C. Brown or make satisfactory arrangements with said T. C. Brown "so as to prevent the land from being sold and to allow plaintiff the use of the same for the year 1921"; that the true consideration for said extension was the agreement of defendants that they would, by paying the notes or making satisfactory arrangements with T. C. Brown, prevent a sale of the lands, under the mortgage or deed of trust before 1 January, 1922. Defendants, answering said allegation, say that it was mutually understood and agreed by and between plaintiff and defendants that plaintiff was to execute deed to T. C. Brown for ten acres of the land, described in the contract or option, at $200 per acre; that said sum, the purchase price of the said ten acres, was to be credited by T. C. Brown upon his notes, and that said T. C. Brown was to carry the balance due on said notes until 1 January, 1922; that T. C. Brown consented to this arrangement, and agreed to accept the purchase price of ten acres of said land, at $200 per acre, as a payment on his notes and to carry the balance until 1 January, 1922; that although J. F. Whedbee and wife, and defendants tendered deed to T. C. Brown on 2 January, 1921, in accordance with this agreement, the said Brown refused to accept the same and comply with his agreement; defendants deny that the consideration for the extension of the contract or option was as alleged in the complaint.

On 5 February, 1921, T. Gillam, trustee, after advertisement, sold the lands described in the deed of trust, under the power of sale contained therein; at said sale, T. C. Brown was the last and highest bidder for the said lands in the sum of $9,000, this being about the amount due on his notes secured in the mortgage and deed of trust from J. F.

Whedbee; thereafter the said trustee conveyed the said lands to said T. C. Brown, who immediately entered into possession of the same, under the deed from said trustee. Plaintiff then rented the said lands from T. C. Brown for the remainder of the year 1921, paying Brown $300 as rent for same, and thus remained in possession of the said lands during the remainder of the year 1921.

Plaintiff alleges that by reason of the failure of defendants to comply with their agreement, which was the consideration of the extension of the contract or option, he suffered damages, first, in that he was deprived of the possession of the lands until 1 January, 1922, and second, in that his equity of redemption was foreclosed prior to 1 January, 1922. Plaintiff alleges damages in the sum of $3,500 and demands judgment that he recover this sum of defendants.

The issues submitted to and answered by the jury are as follows:

1. Did the defendants by a valid contract agree to and with the plaintiff, J. F. Whedbee, to make an arrangement under which the said Whedbee could remain in possession and hold title to his equity in the land described in the pleadings during the year 1921, as alleged in the complaint? Answer: "Yes."

2. If so, did defendants fail to keep and comply with their said contract as alleged? Answer: "Yes."

3. What was said land fairly and reasonably worth 2 January, 1922? Answer: "$12,000."

4. What damages, if any, is plaintiff entitled to recover of defendants, Ruffin, Tripp and McKeel? Answer: "$1,300."

Defendants excepted to the judgment upon this verdict and appealed to the Supreme Court, assigning errors.

*Gillam & Davenport and Murray Allen for plaintiff.*
*Craig & Pritchett and Stanley Winborne for defendants.*

CONNOR, J. Defendants assign as error the admission of testimony of witnesses as evidence that the consideration for the extension of the contract or option was as alleged in the complaint. The consideration recited in the endorsement on the contract, signed by plaintiff and his wife, is one dollar. Defendants contend that parol evidence was not admissible or competent to show another or different consideration than that recited in the contract, for that thereby it was sought to vary, contradict or add to the written instrument. This contention is based upon a misconception of the applicability of a well-settled principle of the law of evidence to the facts of this case. In *Price v. Harrington,* 171 N. C., 132, *Clark, C. J.,* cites and approves a statement of the law, taken from the opinion of this Court in *Deaver v. Deaver,* 137 N. C., 243, as follows: "Where the payment of the consideration is necessary

to sustain the validity of the deed or the contract in question, the acknowledgment of payment is contractual in its nature and cannot be contradicted by parol proof; but where it is to be treated as a receipt for money, it is only prima facie evidence of payment and the fact that there is no payment or that the consideration was other than expressed in the deed may be shown by oral evidence." See, also, *Pate v. Gaitley,* 183 N. C., 262, in which *Justice Stacy* says that the admission of this character of evidence is not at variance with the rule against changing or adding to the terms of a written instrument by parol, nor is it prohibited by the Statute of Frauds.

Nor can the assignment of error, that the parol agreement, as alleged, was within the Statute of Frauds, which provides that no action shall be brought to charge any defendant upon a special promise to answer the debt, default or miscarriage of another person, unless the agreement or some memorandum or note thereof be in writing (C. S., 987), be sustained. It is not alleged that defendants promised or agreed to pay the notes of plaintiff, and thereby release plaintiff from liability on these notes.

His Honor instructed the jury as follows: "The measure of damages in cases of this sort, that he should recover back what it cost him to stay in possession the following year, and that according to the evidence was $300, which amount both sides agreed to be correct. In addition to that, if the land was worth more money twelve months after the Gillam sale than it brought at the Gillam sale, the difference between these two amounts, and what it cost him to stay in possession, would be your answer to the fourth issue. The burden is on the plaintiff to show by the greater weight of the evidence what damages he sustained. If your answer to the third issue should be that the land was not worth any more than it was when Gillam sold it, then your answer would be what sum you find. Both sides will admit that it was $300, that being the sum it took him to stay there. Suppose the land was worth $11,500? What would be his damage? It would be the difference in the value of the land at the end of the 12 months and what it sold for at the sale, plus the $300 that it cost him to stay in possession that year."

To this instruction as to the rule for the measure of damages, defendants excepted and assign same as error.

If defendants had fully performed the contract which the jury has found they made with plaintiff, plaintiff would have (1) retained possession of the lands, under the title he owned at date of contract during the remainder of the year 1921, and (2) he would have held his equity in the land during the year 1921, and thus on 1 January, 1922, would have had the right by paying his indebtedness secured by

his mortgage and deed of trust, to redeem the lands. As a result of the breach of this contract by the defendants, plaintiff lost possession of said lands during the remainder of the year 1921, and lost the right to redeem the same on 1 January, 1922. Plaintiff is, therefore, entitled to recover of defendants a sum of money which will fully and adequately compensate him for all loss which resulted from the breach of the contract.

It is admitted that after losing possession under the title which he owned at date of contract with defendants, as a result of their failure to comply with same, plaintiff rented the lands from the purchaser at the foreclosure sale, and thus remained in possession until 1 January, 1922. This cost plaintiff $300. Manifestly, he is entitled to recover this sum of defendants, as one element, at least, of his damages. There is no error in the instruction with respect to this element of damages.

Plaintiff was further entitled to recover a sum of money to compensate him for the loss of his right to redeem the lands, by paying his indebtedness secured by the mortgage and deed of trust on 1 January, 1922. His Honor instructed the jury that for this loss he was entitled to recover the difference between the amount which the lands brought at the foreclosure sale on 5 February, 1921, and the amount the lands were fairly and reasonably worth on 1 January, 1922, as found by the jury. An equity of redemption in lands is worth the difference between the amount of indebtedness for which the lands are liable, and their market value, but defendants, in this case, had not contracted with plaintiff that the lands, if sold on 1 January, 1922, would bring the amount which the land was worth on that date. The jury has found only that defendants, by their contract, promised and agreed that plaintiff should "hold title to his equity in the land during the year 1921." This plaintiff lost by the defendants' failure to comply with their promise, and it is only for this loss that plaintiff is entitled to recover. The money value of this right which plaintiff lost is the difference between the indebtedness, consisting of principal and interest, on 1 January, 1922, and the amount which the lands would have brought on said date, sold for cash, under the power of sale, contained in the mortgage or deed of trust. This is not necessarily the same as the difference between what the lands brought on 5 February, 1921, and the fair and reasonable worth of the land on 1 January, 1922. The fair and reasonable worth of the lands, may and should be considered by the jury, but there are many other facts and circumstances determining the amount which lands sold at a foreclosure sale will bring. As *Justice Allen* in *Newby v. Realty Co.,* 180 N. C., 51, says: "The market value of the lands, when the lands could be reasonably sold under the contract, will be material, but not controlling, and other circumstances,

such as the size of the land, the opportunity to secure purchasers, the condition of the money market, may properly be considered."

There is error in the instruction as to the rule for the measure of damages for the loss of the right to redeem the lands on 1 January, 1922. The jury having found that defendants by a valid contract agreed to and with plaintiff that they would make an arrangement by which plaintiff could hold title to his equity in the lands during the year 1921, and that defendants failed to keep and comply with this contract, plaintiff is entitled to recover of defendants, the value of the right thus lost by plaintiff. Plaintiff lost the right to pay his indebtedness and redeem the land, or the right to the difference between such indebtedness—principal and interest—on 1 January, 1922, and the amount which upon competent evidence the jury shall find the lands would have brought if sold on 2 January, 1922, under the power of sale contained in the mortgage or deed of trust.

There must be a new trial in order that the damages which plaintiff is entitled to recover may be ascertained, in accordance with the rule as to measure of damages herein approved.

New trial.