MABEL LOFTIN AND HUSBAND, ZEB LOFTIN, v. MAUDE KORNEGAY, ADMINISTRATRIX OF THE ESTATE OF PRINCE KORNEGAY, DECEASED; MAUDE KORNEGAY, INDIVIDUALLY; JOHNNIE LEE BOATWRIGHT AND HUSBAND, ............... BOATWRIGHT, AND ROBERT KORNEGAY AND WIFE, ............... KORNEGAY.

(Filed 17 October, 1945.)

**Trusts § 1b—**

A parol agreement in favor of a grantor, entered into at the time of or prior to the execution of a deed, and at variance with the written conveyance, is unenforceable in the absence of fraud, mistake, or undue influence. Such an agreement would be tantamount to engrafting a parol trust in favor of a grantor upon his deed, which purports to convey a fee title. A parol trust in favor of grantor cannot be engrafted upon such a deed.

APPEAL by defendants from *Dixon, Special Judge,* at March Term, 1945, of WAYNE.

This is an action to establish a parol trust.

Mabel Loftin, one of the plaintiffs, was the owner in fee of a tract of land situate in Wayne County, containing 18⅓ acres. On 22 October, 1927, she, with the joinder of her husband, Zeb Loftin, executed and delivered to Atlas Price a mortgage deed to this tract of land. A second mortgage deed was executed by the plaintiffs to Atlas Price on 14 December, 1927. The two conveyances were given to secure the payment of certain indebtedness to Atlas Price in the aggregate principal sum of $836.70.

On 28 January, 1931, and while the indebtedness to Atlas Price secured by the two mortgage deeds was unpaid, but after the land was advertised for sale under the powers in the mortgage deeds, the plaintiffs executed and delivered to Prince Kornegay a deed with full covenants and warranties, for the said land. This deed was not recorded until 17 December, 1941. The property had been advertised twice prior to the execution of this deed, and each time Prince Kornegay had been the last and highest bidder, and each time the bid had been raised. On 28 February, 1931, after the lands had been offered for re-sale under the powers contained in the two mortgage deeds, and after Prince Kornegay

had again been the last and highest bidder for the property, in the amount of $1,250.00, Atlas Price, mortgagee, conveyed the land in fee simple to him. Kornegay paid only the principal and interest due Atlas Price, in the sum of $978.30, for the property.

Plaintiffs allege that they were unable to pay Atlas Price the indebtedness secured by their mortgages, that the property was in the process of foreclosure and they went to Prince Kornegay, an uncle of Mabel Loftin, and requested him to pay off the indebtedness and take the land for the repayment thereof; that Kornegay agreed to do so, but suggested that since foreclosure had been started it be allowed to proceed and that he would be present at the sale and bid in the property for the plaintiffs, taking title thereto in his own name and that plaintiffs could remain in possession of the land and pay to him the sum of $100.00 per year until such time as they were in position to repay him the amount expended in their behalf, it being understood it would require approximately $1,000.00 to pay the Price indebtedness.

Beginning with the year 1931, the sum of $100.00 annually was paid by these plaintiffs to Prince Kornegay, until and including the year 1935. Kornegay died in 1936, leaving surviving him his widow, Maude Kornegay, and two children, who are defendants in this action.

Plaintiffs further allege that after the death of Prince Kornegay, they went to see Maude Kornegay, who was the duly qualified administratrix of Prince Kornegay, and offered to borrow a sufficient sum of money to pay the amount invested in the property by Prince Kornegay, and Maude Kornegay stated she understood the terms of the agreement and that she desired to continue the arrangement and that thereafter the sum of $100.00 was paid to Maude Kornegay each year through the year 1944.

Defendants deny all the pertinent allegations of the complaint, plead the three, seven and ten-year statutes of limitation and also plead estoppel and laches.

In 1938, the plaintiffs failed to pay the defendants the $100.00, whereupon the defendants, alleging they were the landlords, instituted an action in the court of a justice of the peace of Wayne County, and obtained judgment for the rent for said year. Each year after the death of Prince Kornegay, Maude Kornegay gave a receipt for the $100.00, and designated the payment as rent. She demanded possession of the premises 1 January, 1945, whereupon plaintiffs allege they tendered to defendants the amount due under the contract and demanded a deed to the premises, and upon refusal to accept tender and execute deed, this action was instituted.

Defendants moved for judgment as of nonsuit at the close of plaintiffs' evidence and renewed the motion at the close of all the evidence. Motion overruled. Defendants except.

Upon the issues submitted, the verdict of the jury was for the plaintiffs, and judgment was entered accordingly. Defendants appeal, assigning error.

*D. H. Bland* for plaintiffs.
*J. Faison Thomson* for defendants.

DENNY, J. We deem it unnecessary to discuss the provisions of the alleged oral agreement under which the plaintiffs seek to establish a parol trust in their favor against the widow and heirs at law of Prince Kornegay. Whatever the agreement might have been, the record discloses that after it was entered into, the plaintiffs executed and delivered to Prince Kornegay a deed with full covenants and warranties, for the land in controversy. A parol agreement in favor of a grantor, entered into at the time of or prior to the execution of a deed, and at variance with the written conveyance is unenforceable in the absence of fraud, mistake or undue influence. *Walters v. Walters,* 172 N. C., 328, 90 S. E., 304; *Cavenaugh v. Jarman,* 79 S. E., 673; *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028. To permit the enforcement of such an agreement would be tantamount to engrafting a parol trust in favor of a grantor upon his deed, which purports to convey the absolute fee simple title to the grantee. A parol trust in favor of a grantor cannot be engrafted upon such a deed. *Gaylord v. Gaylord, supra; Campbell v. Sigmon,* 170 N. C., 348, 87 S. E., 116; *Chilton v. Smith,* 180 N. C., 472, 150 S. E., 1; *Perry v. Surety Co.,* 190 N. C., 284, 129 S. E., 721; *Waddell v. Aycock,* 195 N. C., 268, 142 S. E., 10; *Penland v. Wells,* 201 N. C., 173, 159 S. E., 423; *Carlisle v. Carlisle, ante,* 462.

*Brown, J.,* in speaking for the Court, in *Ricks v. Wilson,* 154 N. C., 282, 70 S. E., 476, said: "The principle is well established in this State that where the grantee accepts a deed for property for which he himself pays nothing, under agreement, accompanying the delivery, that he will hold the same for the benefit of or convey the same to a third person, a parol trust is created in favor of the latter. But it is held that the grantor, in delivering a deed, cannot retain control of the property and, by parol, create a trust to be thereafter enforced in his own favor," citing *Gaylord v. Gaylord, supra.*

Moreover, after the execution and delivery of the fee simple deed to Prince Kornegay by these plaintiffs, any agreement with the grantee, his administratrix, or his heirs, affecting the title to the land in controversy,

falls within the statute of frauds. *Walters v. Walters, supra; Kelly v. McNeill,* 118 N. C., 349, 24 S. E., 738; *Hamilton v. Buchanan,* 112 N. C., 463, 17 S. E., 159.

Inasmuch as these plaintiffs executed and delivered to Kornegay a deed with full covenants and warranties, subsequent to the time they entered into the alleged parol trust agreement with him, the defendants' motion for judgment as of nonsuit should have been allowed. *Hare v. Weil,* 213 N. C., 484, 196 S. E., 869; *Gaylord v. Gaylord, supra.*

Reversed.