L. A. WESTMORELAND AND WIFE, EVA E. WESTMORELAND, v. J. U. LOWE AND WIFE, BEULAH LOWE.

(Filed 31 October, 1945.)

**1. Frauds, Statute of, § 9—**

Standing trees on land are real property and contracts and conveyances in respect thereto are governed by the same rules applicable to other forms of real property.

**2. Frauds, Statute of, § 10: Deeds § 21—**

The statute of frauds defeats a parol conveyance or reservation of timber; and, there being no exception or reservation as to timber in plaintiff's deed, parol evidence of a previous oral agreement between plaintiff and defendant to reserve or except timber was properly excluded.

**3. Deeds §§ 4, 15—**

While the recital of consideration in a deed is not contractual, and like other receipts is *prima facie* only of payment and may be rebutted by parol, this rule does not extend to authorize the admission of parol evidence to contradict or modify the terms of a deed, or to permit the conveyance or reservation of real property by parol.

APPEAL by plaintiffs from *Phillips, J.,* at July Term, 1945, of RANDOLPH. Affirmed.

This was a suit to recover the value of certain timber trees which defendants refused to permit plaintiffs to cut. It was alleged plaintiffs' right to recover grew out of an oral agreement for the exchange of lands.

At the close of plaintiffs' evidence, defendants' motion for judgment of nonsuit was allowed. Plaintiffs appealed.

*J. G. Prevette for plaintiffs.*
*T. R. Wall and H. M. Robins for defendants.*

DEVIN, J. It was admitted in the pleadings that plaintiffs and defendants had by parol agreed to an exchange of tracts of land. Plaintiffs agreed to convey to defendants a tract of 58 acres, and defendants agreed to convey to plaintiffs a tract of 8.83 acres. In addition $1,200 was to be paid plaintiffs.

Plaintiffs alleged that it was agreed that defendants were to have the timber on the 8.83 acres, and plaintiffs were to have or reserve the timber on the 58 acres, but defendants denied that there was any agreement for plaintiffs to reserve or, after conveyance, have right to cut the timber on the 58 acres. It was admitted defendants had cut the timber on the 8.83 acres. Separate deeds were executed about a month after the preliminary negotiations, whereby plaintiffs conveyed the 58 acres to the defendants, and defendants conveyed the 8.83 acres to the plaintiffs, but plaintiffs' deed contained no reservation or exception of the timber or timber rights.

On the trial one of plaintiffs offered to testify that there was an oral agreement entered into some time before the deed for the 58 acres was executed that the timber on this tract was reserved, and that the timber was part of the consideration. Objection to this evidence was sustained. Plaintiffs then offered admissions in the pleadings and rested their case. Defendants' motion for judgment of nonsuit was allowed, and plaintiffs excepted and appealed.

The ruling of the court below in sustaining objection to the proffered testimony, and in entering judgment of nonsuit must be upheld. Standing trees on land are real property (*Drake v. Howell,* 133 N. C., 162, 45 S. E., 539), and contracts and conveyances in respect thereto are governed by the same rules applicable to other forms of real property. The statute of frauds defeats a parol conveyance or reservation of timber trees. There being no exception or reservation in plaintiffs' deed, parol evidence of a previous oral agreement to that effect was properly excluded.

Plaintiffs' contention that reservation of the timber on the 58 acres was part of the consideration for the deed, and that this could be shown by parol cannot be sustained. While it frequently has been said that the recital of consideration in a deed is not contractual and like other receipts is *prima facie* only of payment, and may be rebutted by parol, *Barbee v. Barbee,* 108 N. C., 581, 13 S. E., 215; *Smith v. Arthur,* 110 N. C., 400, 15 S. E., 197; *Pate v. Gaitley,* 183 N. C., 262, 111 S. E., 339; *Bank v. Lewis,* 201 N. C., 148, 159 S. E., 312, this rule may not be extended to authorize the admission of parol evidence to contradict or modify the terms of a deed, or to permit the conveyance or reservation of real property by parol. *Campbell v. Sigmon,* 170 N. C., 348, 87 S. E., 116; *Price v. Harrington,* 171 N. C., 132, 87 S. E., 986; *Walters v. Walters,* 172 N. C., 328, 90 S. E., 304; *Whedbee v. Ruffin,* 189 N. C., 257, 126 S. E., 616. Here the alleged agreement was not that as consideration for the deed plaintiffs were to have the proceeds of sale of real property, as in *Michael v. Foil,* 100 N. C., 178, 6 S. E., 264, but the conveyance or reservation of real property. This falls within the statute of frauds. The alleged reservation of timber trees was contractual and constituted an integral part of the conveyance. *Deaver v. Deaver,* 137 N. C., 240, 49 S. E., 113; *Price v. Harrington, supra.*

There was neither allegation nor proof that the exception of the timber was omitted by mistake or mistake of the draftsman.

Judgment affirmed.