MELROSE CONNER v. MARY CONNER RIDLEY, EXECUTRIX OF THE ESTATE OF MRS. LILLIE CONNER.

(Filed 17 September, 1958.)

**1. Trusts § 2a—**

A grantor may not engraft a trust upon his deed in fee simple by parol agreement entered into at the time of or prior to the execution of his deed.

**2. Same: Deeds § 4: Frauds, Statute of, § 9—**

The rule that the recited consideration in a deed is not contractual and may be rebutted by parol, cannot be extended to permit the conveyance or reservation of real property by parol.

**3. Same—**

The grantor may not show that his deed in fee simple absolute was made in consideration of grantee's promise not to dispose of the land or any part thereof by deed or by will so as to deprive grantor of his right of inheritance, since the effect of such parol agreement would be to limit the fee simple deed to a conveyance of only the beneficial or equitable title for life, with reservation of the remainder in grantor, or conveyance of the remainder to grantee as trustee for her children, in contradiction of the express provisions of the deed.

APPEAL by plaintiff from *Farthing, J.,* January Term, 1958, of RUTHERFORD.

Civil action wherein plaintiff seeks to recover $1,000.00 as damages for alleged breach of contract.

Plaintiff is one of the thirteen children of J. A. Conner and wife, Mrs. Lillie Conner. J. A. Conner, owning lands in Rutherford County, died intestate in 1936. In 1938, incident to a division of said lands, the children of J. A. Conner and their spouses, including plaintiff and his wife, executed and delivered a deed to Mrs. Lillie Conner whereby, for a recited consideration of "$10.00 and other valuable considerations," they conveyed to Mrs. Lillie Conner *in fee simple* a tract of 259.25 acres.

Mrs. Lillie Conner died June 8, 1956, "leaving a last will and testament, which has been adjudicated as such by the Superior Court of Rutherford County." It was stipulated that plaintiff is not a beneficiary under said will.

Plaintiff alleged that his mother, by executing said last will and testament, breached her contract with plaintiff, which contract, as alleged by plaintiff, was as follows:

"8. That . . . defendant's testate . . . contracted and agreed with the plaintiff that if he would sign and execute said deed of conveyance she would not convey said property or any part thereof by will or other conveyance during her lifetime, but would leave the same for division between plaintiff and his said brothers and sisters upon her death.

"9. That the plaintiff relied upon said contract and agreement on the part of the defendant's testate as herein alleged and signed and executed said deed on said express condition that defendant's testate would carry out said contract and agreement and otherwise plaintiff would not have signed and executed said deed of conveyance."

Testimony offered by plaintiff, tending to show that Mrs. Lillie Conner, prior to the execution and delivery of said deed, had agreed orally as alleged in the complaint, was excluded.

The admitted evidence related to the reasonable market value of the 259.25 acres on June 8, 1956, the date of Mrs. Lillie Conner's death.

At the conclusion of plaintiff's evidence, the court, allowing defendant's motion therefor, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed, assigning errors.

*Don C. Young for plaintiff, appellant.*
*Hamrick & Jones for defendant, appellee.*

BOBBITT, J.  We pass, without discussion or decision, appellee's contention that the excluded evidence was insufficient to support a finding that Mrs. Lillie Conner made an oral agreement with plaintiff as alleged; for, in our view, the testimony tending to show such oral agreement, being in direct conflict with plaintiff's deed, is incompetent.

A well established rule is stated by *Hoke, J.* (later C. J.), in this oft-quoted excerpt from his opinion in the case of *Gaylord v. Gaylord,* 150 N.C. 222, 227, 63 S.E. 1028: "Upon the creation of these estates (parol trusts), however, our authorities seem to have declared or established the limitation that except in cases of fraud, mistake or undue influence, a parol trust, *to arise by reason of the contract or agreement of the parties thereto,* will not be set up or engrafted *in favor of the grantor* upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass." (Italics added)

In *Loftin v. Kornegay,* 225 N.C. 490, 35 S.E. 2d 607, *Denny, J.,*

says: "A parol agreement in favor of a grantor, entered into at the time of or prior to the execution of a deed, and at variance with the written conveyance, is unenforceable in the absence of fraud, mistake or undue influence. (Citations) To permit the enforcement of such an agreement would be tantamount to engrafting a parol trust in favor of a grantor upon his deed, which purports to convey the absolute fee simple title to the grantee. A parol trust in favor of a grantor cannot be engrafted upon such a deed. (Citations)" Later cases in accord: *Vincent v. Corbett,* 244 N.C. 469, 94 S.E. 2d 329; *Lamm v. Crumpler,* 240 N.C. 35, 81 S.E. 2d 138; *Jones v. Brinson,* 231 N.C. 63, 55 S.E. 2d 808; *Bass v. Bass,* 229 N.C. 171, 48 S.E. 2d 48; *Poston v. Bowen,* 228 N.C. 202, 44 S.E. 2d 881.

Plaintiff's contention that the excluded evidence was competent as tending to show the true consideration for the execution of his deed is untenable. The applicable rule is stated by *Devin, J.* (later C. J.), in *Westmoreland v. Lowe,* 225 N.C. 553, 35 S.E. 2d 613, as follows: "While it frequently has been said that the recital of consideration in a deed is not contractual and like other receipts is *prima facie* only of payment, and may be rebutted by parol, *Barbee v. Barbee,* 108 N.C. 581, 13 S.E. 215; *Smith v. Arthur,* 110 N.C. 400, 15 S.E. 197; *Pate v. Gaitley,* 183 N.C. 262, 111 S.E. 339; *Bank v. Lewis,* 201 N.C. 148, 159 S.E. 312, this rule may not be extended to authorize the admission of parol evidence to contradict or modify the terms of a deed, or to permit the conveyance or reservation of real property by parol. *Campbell v. Sigmon,* 170 N.C. 348, 87 S.E. 116; *Price v. Harrington,* 171 N.C. 132, 87 S.E. 986; *Walters v. Walters,* 172 N.C. 328, 90 S.E. 304; *Whedbee v. Ruffin,* 189 N.C. 257, 126 S.E. 616."

Here the alleged oral agreement purports to modify and contradict the crucial contractual provisions of the deed, namely, the provisions whereby the plaintiff conveyed his interest in the 259.25 acres to Mrs. Lillie Conner in fee simple. The alleged oral agreement, by placing an absolute restriction upon Mrs. Conner's right to dispose of this land or any part thereof by deed or by will, is wholly inconsistent with fee simple ownership. The gist of the alleged oral agreement is that, in contradiction of the express provisions of the deed, the only beneficial or equitable title acquired by Mrs. Conner was a life estate, and that the remainder in fee was reserved by the grantors or that the legal title to such remainder vested in Mrs. Lillie Conner solely as trustee for her children.

Plaintiff, by his deed, having conveyed his interest in the land to Mrs. Lillie Conner in fee simple, cannot recover on an oral agreement to the effect that he did not do so.

In view of the stated basis of decision, we do not reach the question as to whether, under other factual situations, the statute of frauds,

G.S. 22-2, is applicable to an agreement not to deprive a person, by will or otherwise, of the portion of the promissor's estate or of the interest in a specific tract of land to which he would be entitled as heir.
  Affirmed.