A. H. McCORMICK ET AL. v. M. O. JACKSON.

(Filed 22 January, 1936.)

**Fraud A b—Promissory representations may not be made the basis for action for fraud.**

> Plaintiffs alleged that defendant induced them not to sell their land by falsely representing that defendant could later obtain a much higher price for same. Defendant demurred to the complaint for failure to state a cause of action. *Held:* The demurrer was properly sustained, mere promissory representations not being generally regarded as fraudulent in law.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Warlick, J.,* at May Term, 1935, of BUNCOMBE.

Civil action for fraud in preventing sale of land and failure to make sale as promised or represented.

It is alleged in the complaint that in 1926 plaintiffs were induced to forego sale of their 600-acre tract of land, situate in Buncombe County, upon the promise and representation of the defendant that he could obtain a better price therefor; that defendant was thereupon given the

exclusive right to sell plaintiffs' land, upon representations which later proved to be fraudulent, and that said representations were repeated from time to time until their falsity was discovered in May, 1931. That plaintiffs have been damaged by reason of the decline in the value of their land. This action was instituted 16 November, 1934.

Demurrer interposed upon the ground that the complaint does not state facts sufficient to constitute a cause of action. Demurrer sustained.

Plaintiffs appeal, assigning error.

*Edward H. McMahan* for plaintiffs.
*J. A. Patla* for defendant.

PER CURIAM. Promissory representations, looking to the future, such as to what an agent or optionee can do with property, how much he can make on it, or what he can gain by handling it, are not generally regarded as fraudulent in law. *Nat. Cash Reg. Co. v. Townsend*, 137 N. C., 652, 50 S. E., 360, 70 L. R. A., 349; *Williamson v. Holt*, 147 N. C., 515, 61 S. E., 384, 17 L. R. A. (N. S.), 240; 15 R. C. L., 252-253. Compare *Kamm v. Flink*, 113 N. J. L., 582, 175 Atl., 62, 99 A. L. R., 1, and note.

The allegations of the present complaint seem to fall within this principle.

While, of course, the statute of limitations is not raised by the demurrer, it is observed that plaintiffs have waited more than three years after the discovery of the alleged fraud to bring their action. C. S., 441, subsec. 9.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.