LICURKIS JONES AND OLIVE JONES V. M. DeWITT BRINSON AND WIFE, MRS. LESSIE BRINSON.

(Filed 2 November, 1949.)

**Trusts § 2a—**

In the absence of fraud, mistake or undue influence, the grantor in a deed conveying property in fee simple may not engraft a parol trust thereon upon allegations that he had purchased the property and conveyed it to the grantee under oral agreement that the grantee would advance the purchase money and would hold the property for the use and benefit of grantor.

APPEAL by plaintiffs from *Morris, J.,* at May Term, 1949, of PAMLICO.

This is an action to enforce an alleged parol trust; and the facts pertinent to the appeal are as follows:

1. It is alleged in the complaint that the plaintiffs entered into an agreement with the defendant, M. DeWitt Brinson, to advance to them sufficient money to purchase a certain tract of land; that the owners of said land executed a deed to one of the plaintiffs, Licurkis Jones, in fee simple, for the property, on 24 December, 1947, and in turn Licurkis Jones executed a warranty deed on 30 December, 1947, conveying the premises to the defendant M. DeWitt Brinson, who paid the consideration of $1,200.00 for the land; that both deeds were duly recorded 31 December, 1947; and that it was understood at the time of the execution of the deed from Licurkis Jones to the defendant M. DeWitt Brinson, that he would hold the property for the use and benefit of the plaintiffs.

2. The complaint also alleges the deed was intended as security for the purchase money and the plaintiffs pray the court to construe and declare the deed to be in effect a mortgage, securing the amount advanced by the defendant, M. DeWitt Brinson, for the plaintiffs.

3. At the hearing below, in open court, however, counsel for plaintiffs entered the following stipulation: "That it was not contended by the plaintiff that the deed from the co-plaintiff Licurkis Jones to the defendant M. DeWitt Brinson constituted a mortgage, nor was intended to constitute a mortgage, and that it was understood at the time of its execution and delivery to be a deed, the plaintiff relying upon his contention that the deed was executed and delivered to the defendant under such circumstances as to give rise to a constructive trust (*sic*)."

The defendants demurred *ore tenus* to the complaint on the ground that it did not state a cause of action. The demurrer was sustained and the plaintiffs appeal.

*Charles L. Abernethy, Jr., for plaintiffs.*

*A. D. Ward, H. P. Whitehurst, and Bernard B. Hollowell for defendants.*

DENNY, J. The question presented for our determination is simply this: Are the allegations of the complaint sufficient to take this case out of the well settled rule that a parol trust, in the absence of fraud, mistake or undue influence, cannot be established between parties in favor of a grantor in a deed, when the parol agreement is in direct conflict with the express provisions of the written deed? The answer must be in the negative.

The plaintiffs by their stipulation have eliminated all questions of fraud, mistake or undue influence. Therefore, they bottom their right, to the relief they seek, exclusively on the alleged oral agreement to convey the land in controversy to them, upon their payment to the defendant, M. DeWitt Brinson, of the money advanced by him for the purchase of the property.

The law is well settled and firmly established in this jurisdiction, that in the absence of fraud, mistake or undue influence, a trust cannot be established between the parties in favor of a grantor in a deed, by parol evidence, when such evidence is in direct conflict with the express provisions of the written deed. *Gaylord v. Gaylord*, 150 N.C. 222, 63 S.E. 1028; *Campbell v. Sigmon*, 170 N.C. 348, 87 S.E. 116; *Walters v. Walters*, 172 N.C. 328, 90 S.E. 304; *Swain v. Goodman*, 183 N.C. 531, 112 S.E. 36; *Blue v. Wilmington*, 186 N.C. 321, 119 S.E. 741; *Davis v. Davis*, 223 N.C. 36, 25 S.E. 2d 181; *Carlisle v. Carlisle*, 225 N.C. 462, 35 S.E. 2d 418; *Loftin v. Kornegay*, 225 N.C. 490, 35 S.E. 2d 607; *Poston v.*

*Bowen,* 228 N.C. 202, 44 S.E. 2d 881; *Bass v. Bass,* 229 N.C. 171, 48 S.E. 2d 48.

The judgment of the court below is
Affirmed.