THURMAN VINCENT AND WIFE, MARION DUNN VINCENT, v. EVA M.
CORBETT AND HUSBAND, F. S. CORBETT.

(Filed 19 September, 1956.)

**1. Trusts § 4b—**

A grantor may not engraft a parol trust on his deed conveying the fee
simple title except in cases of fraud, mistake or undue influence.

**2. Fraud § 3—**

While a promissory misrepresentation may be the basis of fraud, it is
required that such misrepresentation be made with intent not to comply
and that it be relied upon by the promisee and induce him to act to his
disadvantage.

**3. Trusts § 4c—Misrepresentation which does not induce grantor to act to
his disadvantage will not support parol trust for fraud.**

Plaintiffs' allegations to the effect that pending sale of lands under a
decree to enforce a charge thereon in favor of defendants, the *femme* de-
fendant induced plaintiffs to convey the land to defendants by representa-
tions that they would reconvey to plaintiffs upon payment of the amount
of the charge with interest, and that at the time defendants had no inten-
tion of treating the conveyance as a trust, *held* insufficient to raise an issue
of fraud as the basis of a parol trust, and proof offered in support thereof
is insufficient to overcome a demurrer to the evidence.

JOHNSON, J., not sitting.

APPEAL by plaintiffs from *Paul, J.,* January Term, 1956, of PITT.

This was an action to engraft a parol trust in favor of the plaintiffs
upon a deed executed by them to the defendants. Plaintiffs allege fraud.

In 1927 J. N. Vincent died leaving a last will and testament wherein
he devised to the plaintiff Thurman Vincent, his grandson, a tract of
land containing 57 acres, known as his home place, subject to a life
estate in his widow, with stipulation that "when he comes in possession
of said land he shall pay to my daughter Eva Corbett (defendant)
$3000 in money." The life tenant died in 1932 and plaintiffs entered
into possession of the land 1 January, 1933. The plaintiffs having
failed to pay the $3,000, in 1934 the defendants instituted suit to have
the land sold to pay this charge, resulting in judgment decreeing sale.

But before sale, on 18 June, 1934, plaintiffs conveyed the land to the defendants by deed in fee simple, reciting the foregoing facts, in full satisfaction of the legacy and the judgment. It was further recited in the deed that plaintiffs should deliver possession 31 December, 1935, plaintiffs to pay rent for said year. Plaintiffs remained in possession of the land, paying defendants portions of the crops each year until 1948.

In January, 1954, plaintiffs demanded that defendants reconvey the land to them, alleging a promise so to do at the time of the conveyance to the defendants. Plaintiffs later tendered the $3,000 and interest. Defendants refused the tender and denied having made such a promise.

Plaintiff alleged that they were induced to execute the deed in 1934 by the promise of defendants to hold title to the land in trust for them and to reconvey upon payment of $3,000 and interest; that the defendants "cunningly and with deceit and stratagem" proposed this plan on the plea of preventing sale of the homestead, and that they had no intention of treating the conveyance as a trust; that the promise of the defendants was a fraudulent and unlawful scheme or trick cunningly planned and designed by defendants with intent to obtain title to the land.

These allegations were denied by the defendants.

Plaintiff Thurman Vincent, in the absence of the jury, testified in part as follows: "It (the land) was already advertised and she (defendant Eva Corbett) told me 'I haven't got any money and neither have you. If the land is put up and sold at auction it will go out of the family. If you will sign it over to me and then whenever you get in a position and things pick up and you got the money and want the land back I'll convey it back to you.' That was the ground upon which I signed the deed." Defendants objected and the objection was sustained. Plaintiffs excepted. Plaintiff Thurman Vincent also testified, in the absence of the jury, that in June 1954 he went to see defendant Eva Corbett and told her he had the money to reimburse her and demanded deed. She said, "I never made you that kind of promise." He maintained she did. She declined the tender and refused to make the deed. Objection to this testimony was sustained. Objection to testimony of Mrs. Marion Vincent of similar import was likewise sustained.

At the close of plaintiffs' evidence, defendants' motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiffs appealed.

*Roberts & Stocks and L. W. Gaylord for plaintiffs, appellants.*
*Albion Dunn and Louis W. Gaylord, Jr., for defendants, appellees.*

DEVIN, J.　In *Gaylord v. Gaylord,* 150 N.C. 222 (227), 63 S.E. 1028, this Court stated the pertinent principle of law in these words: "Upon the creation of these estates (parol trusts), however, our authorities seem to have declared or established the limitation that except in cases of fraud, mistake or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass." This statement of law has been approved in numerous decisions of this Court. *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418; *Jones v. Brinson,* 231 N.C. 63, 55 S.E. 2d 808; *Lamm v. Crumpler,* 240 N.C. 35, 81 S.E. 2d 138.

The plaintiffs here seek to bring this case within the exception to the rule permitted in cases of fraud upon allegation that a promise to reconvey was made with intent at the time not to comply. True, a promissory representation containing all the elements of fraud, made merely to induce the promisee to act to his disadvantage, with intent not to comply, wherein the intent is regarded as a subsisting fact, will support an action in fraud. *Wilkins v. Finance Co.,* 237 N.C. 396, 75 S.E. 2d 118; *Roberson v. Swain,* 235 N.C. 50, 69 S.E. 2d 15; *Cofield v. Griffin,* 238 N.C. 377, 78 S.E. 2d 131. But here we think the evidence is insufficient to support an action based on this ground.

We concur in the ruling of the court below that plaintiffs' evidence as offered, if admitted, would not have been sufficient to make out a case for the jury. If it be conceded that the allegations in the complaint are sufficient to raise an issue, the proof offered in support is insufficient to overcome a demurrer to the evidence.

The judgment of nonsuit is

Affirmed.

JOHNSON, J., not sitting.