GEOFFREY D. BRAUN v. GLADE VALLEY SCHOOL, INC., AND C. W. MACKEY

No. 8523SC89

(Filed 1 October 1985)

1. **Fraud § 9— failure to rehire teacher at private school—cause of action for fraud—12(b)(6) dismissal proper**

    The trial court did not err by granting defendants' motion under G.S. 1A-1, Rule 12(b)(6) to dismiss plaintiff's cause of action for fraud and deceit where plaintiff teacher alleged that defendants had made a representation that he would be rehired for the upcoming school year but plaintiff was ultimately not rehired. Fraud cannot be based on an allegation of a promise of future intent, plaintiff made no allegations that defendants intended to deceive him, and there were no allegations that defendants knew that the representation of future employment was false or was made recklessly without regard for its truth.

2. **Fraud § 9— withdrawal of favorable recommendation—cause of action for fraud dismissed—proper**

    The trial court did not err by dismissing one of plaintiff's causes of action for fraud and deceit where plaintiff teacher alleged that defendants withdrew a highly favorable recommendation after receiving notice that plaintiff was seeking legal assistance regarding defendants' failure to rehire him. There was no allegation of a misrepresentation of any fact, past or present; no allegation of reliance by plaintiff; and no evidence of any fraudulent inducement by defendants. G.S. 1A-1, Rule 12(b)(6).

3. **Schools § 13; Contracts § 26— failure to rehire teacher at private school—evidence concerning other teachers—properly excluded**

    In an action arising from the failure of a private boarding school to rehire plaintiff as a teacher because plaintiff did not have a multiple certification, the

---

---

trial court did not err by excluding plaintiff's evidence that other teachers were employed without multiple certifications. Plaintiff's burden at trial was to prove the existence of a valid contract binding on the school and the breach of that contract; the evidence was not relevant to that issue.

**4. Schools § 13; Contracts § 27.1— failure to rehire teacher at private school — directed verdict proper**

The trial court did not err by granting defendants' motion for a directed verdict in an action arising from the failure of defendant private school to rehire plaintiff as a teacher where plaintiff had received an unsolicited letter from the headmaster stating that he planned for defendant to be part of the faculty during the next school year, but plaintiff had been employed by the school for the past six years with a written contract specifying terms such as salary, fringe benefits, length of employment, payment periods, duties, responsibilities, and housing. The letter relied on by plaintiff did not demonstrate that plaintiff and defendant reached a meeting of the minds as to the terms of employment.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 17 October 1984 in Superior Court, ALLEGHANY County. Heard in the Court of Appeals 30 August 1985.

Plaintiff filed this civil action seeking damages in tort and for breach of contract.

The essential facts are:

Glade Valley School (GVS) is an incorporated private boarding school. Defendant, C. W. Mackey, is its president and chief operating officer. Plaintiff, Geoffrey Braun, taught at the school, under a series of written one-year contracts, from 1977 to 1983. Plaintiff had been aware since 1978 that the school was experiencing financial difficulty. In the spring of 1983 there was speculation among faculty members as to whether the school would reopen for the upcoming fall term.

On 5 April 1983 defendant Mackey wrote and delivered the following letter to the plaintiff:

Dear Geoff,

I appreciate your thoughts and suggestions about the school. I am planning for you to be a part of our faculty next year.

Although I believe your living off campus is not in the school's best interest, you are a valuable part of the school's academic program.

Yours truly,

s/ C. W. Mackey<br>C. W. Mackey<br>President

On 10 April 1983 the faculty at GVS was not paid because no money was available. On 4 May 1983 the Board of Trustees of GVS held a meeting. The plaintiff did not attend that meeting. On 6 May 1983 the plaintiff attended an administrative meeting with defendant Mackey and three other school administrators. At that meeting plaintiff was given a copy of a memorandum that would be distributed to the faculty later that same day. The memorandum stated that faculy members in the future would have to have multiple certification. Plaintiff was certified in only one subject area, social studies. Plaintiff was very surprised by this change of policy and stated during the meeting that it would be difficult for GVS to find teachers with multiple certifications.

Later the same day plaintiff met alone with defendant Mackey. It was at this meeting that plaintiff realized that he would not be rehired because of the policy change. Plaintiff was not rehired for the 1983-84 school year at GVS. He did receive some unemployment benefits and earned some money doing a variety of part-time jobs during the 1983-84 school year. In 1984 plaintiff became headmaster of a school in South Carolina.

At plaintiff's request defendant Mackey sent a letter of recommendation to plaintiff's alma mater, Middlebury College, to be placed in plaintiff's permanent placement file. The letter of recommendation was highly favorable. After receiving a letter from a South Carolina attorney on behalf of the plaintiff that threatened a lawsuit against the defendants, defendant Mackey caused the letter of recommendation to be withdrawn.

In their answer, defendants moved the court pursuant to Rule 12(b)(6) of the Rules of Civil Procedure to dismiss plaintiff's complaint. At the hearing on defendants' motion to dismiss, the trial judge dismissed plaintiff's second and third causes of action in tort. At the trial of the matter on plaintiff's first cause of ac-

tion for breach of contract the defendants moved for a directed verdict at the close of plaintiff's evidence. The trial court granted defendants' motion.

From the dismissal of his second and third causes of action and the granting of a directed verdict in favor of the defendants, plaintiff appeals.

*Edmund I. Adams, for the plaintiff-appellant.*

*Doughton and Evans, by Richard L. Doughton for defendant-appellee.*

EAGLES, Judge.

I

Plaintiff first assigns as error that the trial court committed reversible error by dismissing plaintiff's second and third causes of action. We disagree.

A motion to dismiss under Rule 12(b)(6) is the usual and customary method of testing the legal sufficiency of the complaint. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). The facts pleaded in the complaint are the determining factors in deciding whether the complaint states a claim upon which relief can be granted. W. Shuford, North Carolina Civil Practice and Procedure Section 12-10 (1981). The legal theory set forth in the complaint does not determine the validity of the claim. *Benton v. W. H. Weaver Construction Co.*, 28 N.C. App. 91, 220 S.E. 2d 417 (1975). A claim should not be dismissed pursuant to Rule 12(b)(6) unless it appears that the plaintiff is not entitled to any relief under any statement of facts which could be proved. *Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979). While mere vagueness is not enough to dismiss the complaint, the complaint must state enough to satisfy the requirements of the substantive law giving rise to the claim. Merely asserting a grievance is not enough. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

Plaintiff contends that the defendants' conduct was tortious in two ways: one, by the deception of plaintiff and two, by the withdrawal of a highly complimentary recommendation in reprisal after plaintiff sought legal assistance. In his brief, plaintiff argues that the defendants' actions were deceitful and fraudulent. From

---

---

a review of the facts as alleged in the complaint, we do not believe that the complaint alleges circumstances constituting fraud and deceit.

[1]   In order to prove actionable fraud the plaintiff must show: (1) that the defendant made a representation of a material past or present fact; (2) that the representation was false; (3) that it was made by the defendant with knowledge that it was false or made recklessly without regard to its truth; (4) that the defendant intended that the plaintiff rely on the representation; (5) that the plaintiff did reasonably rely on it; and (6) injury. *Johnson v. Phoenix Mutual Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). As a general rule, a mere promissory representation will not support an action for fraud. *Id.; Pierce v. American Fidelity Fire Ins. Co., Inc.*, 240 N.C. 567, 83 S.E. 2d 493 (1954); *McCormick v. Jackson*, 209 N.C. 359, 183 S.E. 369 (1936). However, a promissory misrepresentation may constitute actual fraud if the misrepresentation is made with intent to deceive and with no intent to comply with the stated promise or representation. *Johnson v. Phoenix Mutual Life Ins. Co., supra; Vincent v. Corbett*, 244 N.C. 469, 94 S.E. 2d 329 (1956).

One of the essential elements of actual fraud is that the defendant made some representation relating to a material existing or past fact. *Cofield v. Griffin*, 238 N.C. 377, 78 S.E. 2d 131 (1953). In plaintiff's second cause of action, plaintiff alleges in his complaint that the representation made by the defendants was that the plaintiff would be hired for the upcoming school year. This representation related to a future fulfillment and not a past or existing fact. The rule is that fraud cannot be based on an allegation of a promise of future intent. *Craig v. Texaco, Inc.*, 218 F. Supp. 789 (E.D. N.C. 1963), *aff'd*, 326 F. 2d 971 (4th Cir. 1964). Further, the plaintiff made no allegations as to the defendant's intent to deceive the plaintiff. There are no allegations in the complaint that the defendants knew the representation was false or made the representation recklessly and without regard for its truth.

[2]   As to plaintiff's third cause of action, plaintiff complains that the defendants withdrew a highly favorable recommendation after receiving notice that the plaintiff was seeking legal assistance. Plaintiff alleges in his complaint that this conduct was in retribution for the plaintiff seeking legal advice and that it "was done

with a vengeful motive toward Plaintiff for the specific purpose of injuring and damaging him." From these allegations there is no evidence of fraud or deceit. There is no allegation of a misrepresentation of *any* fact, past or present; there is no allegation of reliance by the plaintiff; and there is no evidence of any fraudulent inducement by the defendants. While the withdrawal of the recommendation may have hurt the plaintiff, he has made no allegations that the defendants were under any duty, by contract or otherwise, to make the recommendation and there are no facts alleged to support plaintiff's allegation that the withdrawal of the recommendation was wrongful. It is not sufficient to conclusively allege that the defendants' conduct was wrongful. We do not believe that the plaintiff has stated any cause of action sufficient under the substantive law of this state upon which relief from defendants' action could be granted.

For these reasons, plaintiff's first assignment of error is overruled.

## II

[3]    Plaintiff secondly urges that the trial court committed reversible error by sustaining defendants' objection to plaintiff's proffered evidence that GVS still employs teachers who do not have multiple certification. We disagree.

While the plaintiff was testifying on direct examination about the school's new policy requiring faculty members to have multiple certification, his attorney asked the following question:

Are there still teachers there [at GVS] who do not meet that criteria, that is, the multiple certification?

Defendants' attorney objected to this question and the objection was sustained.

The trial of this matter was held on plaintiff's first cause of action, breach of contract. We fail to see the relevancy of this question to the issue of whether or not the letter of 5 April 1983 constituted a valid contract between GVS and the plaintiff. Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue. Brandis, Brandis on North Carolina Evidence Section 77 (rev. 2d ed. 1982). Evidence which is not relevant is not admissible. N.C. Rules of Evidence 402. At trial, the plain-

tiff's burden was to prove the existence of a valid contract binding on GVS and the breach of that contract. No answer to the question was given for the record. We fail to see how any answer, affirmative or negative, would have had any relevance to the issues of the existence of a contract and breach of the contract.

The trial court properly sustained defense counsel's objection to the question and plaintiff's second assignment of error is overruled.

## III

[4] In his remaining assignment of error plaintiff contends that the trial court committed reversible error by granting defendants' motion for a directed verdict and dismissing plaintiff's first cause of action at the close of plaintiff's evidence. We disagree.

The question for decision is whether the letter of 5 April 1983 constitutes a contract or offer to contract sufficient to support an action for damages for breach of its terms. The letter is not a complete contract within itself. This is obvious from the plaintiff's evidence and the defendants' exhibits. Plaintiff was employed by GVS for six years. For each of those previous six years plaintiff entered into a written contract with GVS, signed by the plaintiff and the defendant Mackey. Each contract specified with particularity the terms of plaintiff's employment such as salary, fringe benefits, length of employment — beginning date and ending date, payment periods, duties and responsibilities, and housing. Taking plaintiff's evidence as true and in the light most favorable to him, the plaintiff has shown that he received an unsolicited letter from defendant Mackey which stated that Mackey was "planning" for the plaintiff to be a part of the faculty during the next school year. At best, the letter constituted a future promise to enter into a contract in the future. In order to be binding, an offer to enter into a contract in the future must specify all the essential terms and leave nothing to be agreed upon as a result of future negotiations. To constitute a valid contract, the parties must assent to the same thing, their minds must meet as to all essential terms. *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 267 S.E. 2d 584 (1980).

From plaintiff's evidence, it is clear that the plaintiff and defendant Mackey never reached a mutual understanding as to sal-

ary, fringe benefits, length of employment, duties and responsibilities, or housing arrangements. There was no meeting of the minds. Further, the letter does not constitute a present offer of employment for the following year. The writer was merely stating his plan or desire. He had reached no definite decision. When an offer and an acceptance are relied upon to make out a contract, the offer must be one that is intended to create a legal relationship upon acceptance. It cannot be an offer to open negotiations that eventually may result in a contract. *Yeager v. Dobbins*, 252 N.C. 824, 114 S.E. 2d 820 (1960).

Plaintiff's evidence failed to prove the existence of a valid contract and the trial court properly directed a verdict in favor of the defendants.

Affirmed.

Judges JOHNSON and PARKER concur.