FOX v. KILLIAN

[102 N.C. App. 819 (1991)]

———————————

LORI A. FOX AND BOB G. BRINKLEY, CO-ADMINISTRATORS OF THE ESTATE OF SHERRY R. BRINKLEY, PLAINTIFFS v. KELLY E. KILLIAN AND PATRICIA GALE KILLIAN, DEFENDANTS

No. 9025SC959

(Filed 7 May 1991)

**Automobiles and Other Vehicles § 672 (NCI4th) — agency of driver for defendant — sufficiency of complaint**

Plaintiffs' complaint stated a claim against defendant for wrongful death on the theory that the negligent driver of an automobile involved in a collision was acting as the agent of defendant where it alleged that defendant had solicited the services of the driver to transport her daughter to elementary school; the driver's main purpose for operating his vehicle on the road where the accident occurred was to transport defendant's child to school; and the driver was the agent of defendant and was acting in furtherance of her business with her knowledge, permission and consent.

**Am Jur 2d, Automobiles and Highway Traffic § 1085.**

APPEAL by plaintiffs from order entered 17 April 1990 by *Judge J. Marlene Hyatt* in CATAWBA County Superior Court. Heard in the Court of Appeals 21 March 1991.

*Corne, Pitts, Corne, Grant & Edwards, P.A., by Robert M. Grant, Jr. and Linda J. Hatcher, for plaintiff appellants.*

*Mitchell, Blackwell & Mitchell, P.A., by Hugh A. Blackwell and Keith W. Rigsbee, for defendant appellees.*

PHILLIPS, Judge.

Plaintiffs' appeal is from an order dismissing their complaint against defendant Patricia Gale Killian under the provisions of Rule 12(b)(6), N.C. Rules of Civil Procedure, for failing to state a claim upon which relief can be granted. The action is for wrongful death and the complaint alleges that their intestate, Sherry R. Brinkley, died on 11 December 1987 as a result of a collision on Oxford School Road in Catawba County between her automobile and an automobile owned and negligently operated by Kelly E. Killian as the agent for defendant Patricia Gale Killian. No insurmountable bar to recovery appears on the face of the complaint, and its allegations are obviously sufficient to give defendant notice of the nature and substance of the claim, including "the transactions, occurrences or series of transactions or occurrences intended to be proved showing that the pleader is entitled to relief," as Rule 8(a)(1), N.C. Rules of Civil Procedure requires. The complaint against Patricia Gale Killian was dismissed because the court apparently was of the opinion that the allegations as to the agency principal relationship between Kelly E. Killian and Patricia Gale Killian are not sufficient to show that that relationship existed.

The agency relationship must be established, of course, before plaintiffs can recover of Patricia Gale Killian for the negligence of Kelly E. Killian, and with respect thereto the complaint alleges in pertinent part that: The collision occurred at 8:20 a.m.; appellee Patricia Gale Killian had "solicited the services of Defendant, Kelly Killian, to transport her daughter. . . to Oxford Elementary School"; that his "main purpose for operating his vehicle on Oxford School Road" was to transport appellee's child to Oxford Elementary School; and that "Kelly Killian was the agent of Patricia Gale Killian and was acting in furtherance of her business with her knowledge, permission and consent." Under our system of notice pleadings these allegations, in our opinion, adequately state a legally en-

FOX v. KILLIAN

[102 N.C. App. 819 (1991)]

forceable claim against the appellee based upon a principal agency relationship with Kelly E. Killian, the alleged tortfeasor.

In arguing that the allegations are insufficient and that all the facts establishing the relationship had to be alleged defendant quotes from *Braun v. Glade Valley School, Inc.*, 77 N.C.App. 83, 334 S.E.2d 404 (1985). But the quotation relied upon pertains to allegations of fraud, one of the few things that must be averred by stating the circumstances that constitute it "with particularity." Rule 9(b), N.C. Rules of Civil Procedure. Such particularity is not required of an agency allegation; all that is required is notice of the claim in compliance with Rule 8(a)(1) and the allegations meet that requirement. A complaint's function and purpose is not to prove but to allege; the sufficiency of the allegations does not depend upon a showing that they can be proved. Whether plaintiffs can produce evidence sufficient to prove that Kelly Killian was appellee's agent on the occasion involved is a question for another day. It is enough to resist defendant's motion that it does not appear to a certainty that plaintiffs cannot prove the allegation. *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970).

Reversed.

Judges PARKER and GREENE concur.