Elhulu v. Alshalabi, 2021 NCBC 69.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

MARWAN ELHULU; KHALID ALNABULSI; and MOHAMMED SAQQA,

Plaintiffs,

v.

FADEL ALSHALABI; and OMNI HOLDING GROUP, LLC,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 12827

**ORDER AND OPINION
ON MOTIONS TO DISMISS**

1. For the second time, Defendants Fadel Alshalabi and Omni Holding Group, LLC have moved to dismiss all claims asserted against them. As discussed below, the Court **GRANTS in part** and **DENIES in part** their motions to dismiss.

> *The Law Office of William L. Sitton, Jr., by William L. Sitton, Jr., for Plaintiffs Marwan Elhulu, Khalid Alnabulsi, and Mohammed Saqqa.*
>
> *Parry Law, PLLC, by Jonah A. Garson and K. Alan Parry, for Defendant Fadel Alshalabi.*
>
> *Jerry Meek, PLLC, by Gerald F. Meek, for Defendant Omni Holding Group, LLC.*

Conrad, Judge.

I.
BACKGROUND

2. The following background assumes that the allegations of the amended complaint are true.

3. In early 2016, Plaintiffs Marwan Elhulu, Khalid Alnabulsi, and Mohammed Saqqa bought membership interests in Omni Holding Group, LLC ("Omni") to support the expansion of its medical laboratories business. They did so in response

to solicitations from Omni's manager, Fadel Alshalabi, who assured them that their investments would be repaid by the end of the year and that they would receive generous distributions as members. A few months later, Alshalabi invited Plaintiffs to invest more money, this time promising a distribution by the end of the year and repayment of their capital by January 2017. Together, Plaintiffs gave Alshalabi and Omni nearly $1 million. (*See* Am. Compl. ¶¶ 8, 9, 11, 12, 14, 21, ECF No. 42.)

4. Five years have passed, yet Plaintiffs still await their promised payoff. Believing they've been swindled, Plaintiffs allege that Alshalabi used their money for business dealings with a notorious felon that ended in disaster. They also allege that Alshalabi has enriched himself in the process. (*See* Am. Compl. ¶¶ 16–18, 26, 27, 30, 44.)

5. Plaintiffs' demands for information have yielded little. In response to repeated inquiries, Alshalabi first urged patience and reassured Plaintiffs and other members that distributions were imminent. But by mid-2018, he had stopped responding and sharing information at all. Plaintiffs have also unsuccessfully asked for documentation to show the extent of their membership interests and how their capital contributions were used. (*See* Am. Compl. ¶¶ 35–37, 40, 43, 46.)

6. In this lawsuit, Plaintiffs seek damages and information. Their original complaint drew motions to dismiss from Omni and Alshalabi, which the Court partly granted. Following that decision, Plaintiffs amended their complaint and now assert five claims for relief. These include claims for declaratory judgment, fraud, and

breach of contract, as well as a claim to enforce their statutory records-inspection rights and a claim to appoint a receiver over Omni.

7. Omni and Alshalabi have once more moved to dismiss all claims under North Carolina Rule of Civil Procedure 12(b)(6). (ECF Nos. 44, 48.) The motions have been fully briefed. Although the Court had scheduled a hearing, circumstances related to the COVID-19 pandemic necessitated its cancellation. Because further delay would not serve the interests of the case,* the Court elects to decide the motion without a hearing. *See* Business Court Rule 7.4.

## II.
## ANALYSIS

8. A Rule 12(b)(6) motion "tests the legal sufficiency of the complaint." *Isenhour v. Hutto*, 350 N.C. 601, 604 (1999) (citation and quotation marks omitted). The Court must take the allegations as true and construe them in the light most favorable to the nonmoving party. *See Sykes v. Health Network Sols., Inc.*, 372 N.C. 326, 332 (2019); *CommScope Credit Union v. Butler & Burke, LLP*, 369 N.C. 48, 51 (2016). Further, the Court will not consider material outside the complaint, but may consider documents incorporated into or attached to the complaint. *See Bucci v. Burns*, 2018 NCBC LEXIS 37, at *8 (N.C. Super. Ct. Apr. 25, 2018).

### A. Declaratory Judgment

9. In their original complaint, Plaintiffs asked the Court to declare the extent of their membership interests in Omni. In response, Omni and Alshalabi moved to

---

* Indeed, although this case has been pending for over a year, discovery has not yet begun. Twice, the parties have asked to delay discovery pending resolution of motions practice. Expedition is needed so that this case can begin to move forward.

dismiss the claim for failure to join necessary parties, which the Court denied. *See Elhulu v. Alshalabi*, 2021 NCBC LEXIS 44, at *8–12 (N.C. Super. Ct. Apr. 29, 2021) (ECF No. 32).

10. The amended complaint seeks a similar declaration. Again, Omni and Alshalabi move to dismiss the claim, this time for failure to state a claim for relief. And again, the Court disagrees.

11. A motion to dismiss a claim for declaratory judgment is "seldom appropriate." *Morris v. Plyler Paper Stock Co.*, 89 N.C. App. 555, 557 (1988). Dismissal "is allowed only when the record clearly shows that there is no basis for declaratory relief as when the complaint does not allege an actual, genuine existing controversy." *N.C. Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 439 (1974).

12. Here, the amended complaint alleges the percentage interests Plaintiffs claim to possess, that records received from Omni contain conflicting information concerning those interests, that Omni and Alshalabi have refused to produce additional information despite many requests, and that there is a real controversy regarding Plaintiffs' "legal ownership and membership in Omni." (Am. Compl. ¶¶ 21, 36, 53, 57.) These allegations tend to show that an actual controversy exists, and a judicial declaration would likely remove the uncertainty as to Plaintiffs' interests in Omni. The Court therefore denies the motions to dismiss the claim for declaratory judgment.

## B.  Statutory Inspection Rights

13.  By statute, LLC members have a right to inspect certain company records. *See* N.C.G.S. § 57D-3-04(a).  That right is enforceable through an action seeking a writ of mandamus.  *See Miller v. Burlington Chem. Co.*, 2016 NCBC LEXIS 190, at *11 (N.C. Super. Ct. Sept. 27, 2016).

14.  Omni and Alshalabi contend that Plaintiffs cannot show a clear right to the documents they seek, as required to obtain mandamus relief.  But that is the wrong question.  Plaintiffs have not yet moved for any relief.  Thus, rather than apply the standard for mandamus relief, the Court at this stage asks only whether Plaintiffs have adequately stated a claim.  They have.  Construed liberally, Plaintiffs have alleged that they made a demand for documents under section 57D-3-04 and that Omni refused to allow inspection of those documents.  (*See* Am. Compl. ¶¶ 49, 50, 62, 65, 67.)  These allegations, which the Court must take as true, are sufficient to avoid dismissal.  Whether Plaintiffs can prove their allegations and show that they are entitled to mandamus relief is a question for another day.

15.  Alshalabi correctly argues, however, that Plaintiffs have not properly stated a claim against him.  Section 57D-3-04(a) states that a member "may inspect and copy or otherwise obtain [records] *from the LLC*," not the managers or members of the LLC.  N.C.G.S. § 57D-3-04(a) (emphasis added).  The Court therefore dismisses the mandamus claim as against Alshalabi but otherwise denies the motions to dismiss the claim against Omni.

## C. Fraud

16.    Next, Omni and Alshalabi challenge the fraud claim, citing the general rule that an unfulfilled promise is not fraudulent unless made with no intent to carry it out. *See, e.g.*, *Braun v. Glade Valley Sch., Inc.*, 77 N.C. App. 83, 87 (1985). The amended complaint, however, expressly alleges that Alshalabi "had a specific intent not to perform on his promises" at the time he made them. (Am. Compl. ¶ 71.) Other allegations also tend to show motive and a pattern of deceit, thereby supporting an inference of fraudulent intent. (*See, e.g.*, Am. Compl. ¶¶ 16–18, 44.)

17.    In addition, Omni and Alshalabi argue that the claim is barred by the economic loss rule. It is not. Our Court of Appeals "has expressly set forth that the economic-loss rule does not bar fraud claims, even where the alleged fraud also breaches a contractual term between the parties." *Cummings v. Carroll*, 270 N.C. App. 204, 231 (2020) (citing *Bradley Woodcraft, Inc. v. Bodden*, 251 N.C. App. 27, 34 (2016)).

18.    The Court denies the motions to dismiss the fraud claim.

## D. Breach of Contract

19.    The fourth claim is for breach of contract. Omni and Alshalabi contend, first, that Plaintiffs cannot pursue a claim based on oral promises made by Alshalabi due to the merger clause in Omni's operating agreement. "Merger clauses create a rebuttable presumption that the writing represents the final agreement between the parties." *Zinn v. Walker*, 87 N.C. App. 325, 333 (1987). Evidence of fraud, bad faith, and similar malfeasance may rebut the presumption. *See id.* Given that Plaintiffs

have adequately alleged fraud, it would be premature to hold that the merger clause forecloses a claim for breach of an oral agreement. *See McKee v. James*, 2013 NCBC LEXIS 33, at *14–16 (N.C. Super. Ct. July 24, 2013) (denying motion to dismiss claim for breach of oral contract, despite merger clause, due to allegations of fraud).

20. Omni and Alshalabi also argue that the amended complaint does not adequately allege a breach of section 3.04 of the operating agreement. Not so. Plaintiffs allege that section 3.04 requires Omni to make monthly or quarterly distributions of net cash flow to members and that Omni breached this provision by failing to make any distributions since June 2018. (*See* Am. Compl. ¶¶ 79, 82, 83.) Nothing more is required. *See, e.g.*, *Vanguard Pai Lung, LLC v. Moody*, 2019 NCBC LEXIS 39, at *10 (N.C. Super. Ct. Jun. 19, 2019) (noting that "our appellate courts routinely reverse trial court orders that require anything more" than allegations of a valid contract and breach of its terms (collecting cases)).

21. Alshalabi separately argues that the amended complaint does not allege that he is a party to any contract—rather, Omni alone is a party—and that he therefore cannot be liable in his individual capacity. Plaintiffs do not contest this argument in their opposition brief. The Court agrees with Alshalabi. *See, e.g.*, *Kerry Bodenhamer Farms, LLC v. Nature's Pearl Corp.*, 2017 NCBC LEXIS 27, at *10 (N.C. Super. Ct. Mar. 27, 2017) ("[W]hen a defendant is 'not a party to the contract,' then 'as a matter of law he cannot be held liable for any breach that may have occurred.'" (quoting *Canady v. Mann*, 107 N.C. App. 252, 259 (1992)).

22.    The Court therefore denies the motions to dismiss the claim for breach of contract with respect to Omni but dismisses the claim with respect to Alshalabi.

### E. Receivership

23.    The final matter is Plaintiffs' claim for the Court to appoint a receiver. Omni and Alshalabi contend that Plaintiffs are not creditors of Omni and therefore may not seek appointment of a receiver. The Court is not persuaded that this contention, if true, warrants dismissal. The governing statute authorizes appointment of a receiver in "a civil action by a creditor or other party in interest," including when the requested receivership "is combined with, or is ancillary to, a civil action that seeks a money judgment or other relief." N.C.G.S. § 1-507.24(a). Plaintiffs may well be parties in interest, even if not creditors. *See id.* § 1-507.20(16), (22) (defining "party in interest" and "insider").

24.    This does not mean that Plaintiffs are entitled to a receivership. Indeed, no motion to appoint a receiver is even pending. If Plaintiffs seek that relief, Omni and Alshalabi may renew these arguments in opposition. For now, the Court concludes only that Plaintiffs' allegations do not necessarily defeat or foreclose the appointment of a receiver.

### III.
### CONCLUSION

25.    For all these reasons, the Court **GRANTS** Alshalabi's motion to dismiss the claims against him for writ of mandamus and breach of contract. In all other respects, the motions are **DENIED**.

**SO ORDERED**, this the 19th day of October, 2021.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases